[No. 43815-8-I.   Division One.   January 31, 2000.]

THE STATE OF WASHINGTON, *Appellant*, v. MICHAEL LEIF
HANSEN, *Respondent*.

576

*James H. Krider, Prosecuting Attorney*, and *Seth Aaron Fine, Deputy*, for appellant.

*Thomas M. Kummerow* of *Washington Appellate Project*, for respondent.

PER CURIAM — Two officers approached Michael Hansen and asked him for identification. Hansen complied. One of the officers handed Hansen's license to the other officer, who recorded Hansen's name and birth date and returned the license to him. A records check confirmed a warrant was outstanding for Hansen's arrest. A subsequent search disclosed a controlled substance in a bag Hansen was carrying. We hold that handing the license from one officer to the other for identification purposes, when both officers remained in the defendant's presence, did not constitute an improper seizure of the defendant in violation of the Fourth Amendment, and did not require suppression of the drugs. We reverse the trial court's order of suppression and remand for trial.

## Facts

On October 4, 1997, Lynnwood Police Officers Douglas Teachworth and Thomas Brooks stopped to investigate a group of individuals outside a Chevron station. The officers were aware that there had been problems at the station in the past. Teachworth and Brooks were not in uniform, but

their badges and guns were visible. As the officers walked through the parking lot, they saw Michael Hansen, the defendant, who appeared to be walking toward them. When Hansen noticed the officers, he stopped and sat down on the curb.

Teachworth approached Hansen and asked him if he was with people in a nearby van. Hansen indicated that he had been with them, but that he had been dropped off and was waiting for a ride. Brooks then approached Hansen as well.

Teachworth asked Hansen if he had any identification, and Hansen produced an expired driver's license. Teachworth passed the license to Brooks, who wrote down Hansen's name and date of birth, and returned the license to Hansen. Brooks held Hansen's license for approximately five to 30 seconds.

Teachworth continued to converse with Hansen while Brooks conducted a warrants check, which confirmed that an outstanding warrant had been issued for Hansen's arrest. The officers arrested and searched Hansen, at which time they found methamphetamine in a toiletry bag he was carrying.

Hansen was charged with possession of a controlled substance. Hansen moved to suppress the evidence as the product of an illegal seizure. Following a suppression hearing, the court ruled that the officers' initial contact with Hansen was consensual, and that Hansen voluntarily handed his identification to Teachworth. The court held, however, that once Teachworth handed the license to Brooks, the consensual contact turned into a detention. The court therefore suppressed the evidence as the fruit of the illegal seizure.

## Discussion

The sole question before us is whether Officer Teachworth's act of handing Hansen's license to Officer Brooks constituted an improper seizure. The determination of whether a seizure has occurred is a mixed question of law and fact. A trial court's resolution of differing accounts

of the circumstances surrounding the encounter in factual findings is entitled to great deference. *State v. Hill*, 123 Wn.2d 641, 647, 870 P.2d 313 (1994). However, the ultimate determination of whether those facts constitute a seizure is one of law, reviewed de novo. *State v. Thorn*, 129 Wn.2d 347, 351, 917 P.2d 108 (1996).

"Not every encounter between an officer and an individual amounts to a seizure." *State v. Armenta*, 134 Wn.2d 1, 10, 948 P.2d 1280 (1997) (quoting *State v. Aranguren*, 42 Wn. App. 452, 455, 711 P.2d 1096 (1985)). A police officer has not seized an individual merely by approaching him in a public place and asking him questions, as long as the individual need not answer and may simply walk away. *State v. Thomas*, 91 Wn. App. 195, 200, 955 P.2d 420, *review denied*, 136 Wn.2d 1030, 972 P.2d 467 (1998). Moreover, police questioning relating to one's identity, or a request for identification by the police, without more, is unlikely to result in a seizure. *Armenta*, 134 Wn.2d at 11. A person is "seized" under the Fourth Amendment only if, " 'in view of all the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.' " *Aranguren*, 42 Wn. App. at 455 (quoting *United States v. Mendenhall*, 446 U.S. 544, 554, 100 S. Ct. 1870, 64 L. Ed. 2d 497 (1980)). Whether a reasonable person would believe he was detained depends on the particular, objective facts surrounding the encounter. *Armenta*, 134 Wn.2d at 11.

In *Thomas*, the court held that a seizure occurred when an officer, while retaining the defendant's identification, took three steps back to conduct a warrants check on his hand-held radio. *Thomas*, 91 Wn. App. at 200-01. Similarly, in *State v. Dudas*, 52 Wn. App. 832, 834, 764 P.2d 1012 (1988), the court determined that the defendant was seized under the Fourth Amendment when the deputy took his ID card and returned to the patrol car, thus immobilizing him. In *Aranguren*, the court found that a seizure occurred when an officer took the defendants' identification documents to

his vehicle to write their names down and run warrants checks on them. *Aranguren*, 42 Wn. App. at 456. Finally, in *Armenta*, our Supreme Court concluded that the defendant was seized when a police officer placed the defendant's money in his patrol car "for safe keeping." *Armenta*, 134 Wn.2d at 6, 12. In each of these cases, the officer removed defendant's identification or property from defendant's presence.

■ Here, officers Teachworth and Brooks never removed Hansen's license from his presence. The officers held it for no more than 30 seconds while Brooks took note of Hansen's name and birth date. They did not retain Hansen's license for a lengthy period or while they conducted the warrants check. Had Teachworth alone viewed Hansen's license and returned it to him, the encounter would have maintained its consensual nature. There is no reason handing the license to another officer standing beside the first would have led a reasonable person to believe that he was not free to leave. The initial consensual encounter thus did not ripen into an unlawful detention.

We reverse the trial court's determination that the officers' conduct constituted a seizure in violation of the Fourth Amendment, and remand for trial.

Review denied at 141 Wn.2d 1022 (2000).