[No. 42881-1-I.   Division One.   April 3, 2000.]

THE STATE OF WASHINGTON, *Respondent,* v. TYRONE TODD HUNTER, *Appellant.*

*Muenster & Koenig*, by *John R. Muenster*, for appellant (counsel for appeal only).

*James H. Krider, Prosecuting Attorney*, and *Seth A. Fine, Deputy*, for respondent.

WEBSTER, J. — After Appellant Tyrone T. Hunter was convicted and sentenced for second degree rape and fourth degree assault, he and his defense attorney learned that his defense attorney's investigator, Dale Fairbanks, served as a paid informant for Snohomish County at the same time that he worked for Hunter's counsel. Through new counsel, Hunter moved to dismiss, arguing that his right to counsel was violated.

Hunter's appeal of the trial court's refusal to dismiss and the State's cross-appeal challenging one of the trial court's conclusions of law present two issues: (1) is Hunter entitled to the dismissal of charges against him due to a violation of his right to counsel because the investigator who worked for Hunter's defense counsel and who was privy to confidential communications simultaneously served as a paid informant for Snohomish County in another case; and (2) did the investigator have a duty to disclose to Hunter that the investigator was simultaneously employed by Snohomish County on an unrelated case? We affirm Hunter's judgment and sentence because the investigator was not an agent of the State. But because we have no authority establishing an investigator's duty to disclose involvement with the government on another case, we reverse the trial court's contrary conclusion of law.

## BACKGROUND

Hunter was convicted and sentenced for second degree rape and fourth degree assault. This court affirmed Hunter's judgment and sentence in an unpublished opinion. *State v. Hunter,* 95 Wn. App. 1005, *review denied,* 139 Wn.2d 1002, 989 P.2d 1138 (1999).

After sentencing, Hunter and his defense attorney

learned that his defense attorney's investigator, Dale Fairbanks, served as a paid informant for Snohomish County at the same time that he worked for Hunter's counsel. Hunter moved to dismiss. After a hearing, the trial court issued findings of fact, conclusions of law, and an order denying the motion.

The trial court entered the following findings of fact:

1. Dale Fairbanks worked as a defense investigator in this case. At the same time, he was working for the Snohomish County Sheriff's Office in an informant capacity with regard to a marijuana grow being carried on by Gregory Haynes and James Denton.

2. Mr. Fairbanks' [sic] relationship with the state in the Haynes/Denton case was not disclosed to the defendant in the present case or his attorney.

3. The defendant's attorney knew that Mr. Fairbanks was a freelance investigator whose clients included public agencies. The attorney also knew that Mr. Fairbanks had been a police officer.

4. During the time that Mr. Fairbanks worked for the defendant and his attorney, he was privy to confidential attorney-client communications and discussions of trial strategy.

5. Had Mr. Hunter or his attorney known of Fairbanks' [sic] relationship with Snohomish County, Fairbanks would not have been employed as the defense investigator, nor would either Mr. Hunter or his attorney have shared privileged information with him.

6. Mr. Fairbanks did not relate any confidential matters concerning this case to the prosecutor, the Sheriff's Office, or any government authorities.

7. Mr. Fairbanks did not act as an informant in the present case. No government official ever asked him to serve as an informant in this case, nor was there any agreement that he would do so. The government did not direct Mr. Fairbanks towards the defendant and did not control his activities with respect to the defendant.

8. Mr. Fairbanks testified at trial in this case, but he did not

mention any information gained from confidential communications.

9.   Mr. Fairbanks did not have any motive to disclose confidential information gained in this case.

10.   The defendant did not suffer any actual prejudice from any misconduct committed by Mr. Fairbanks.

11.   The above facts have been proved beyond a reasonable doubt.

Clerk's Papers (CP) at 126-27.

Hunter does not challenge the trial court's findings of fact; thus, we accept these findings as verities on appeal. *See State v. Hill*, 123 Wn.2d 641, 644, 870 P.2d 313 (1994).

As of August 1997, Fairbanks had been paid $10,000 for his work as an informant in the Haynes case, but the testimony does not indicate the source of this payment. CP at 162. He expected to receive an additional $150,000 from the federal Drug Enforcement Agency for his work in the Haynes case. CP at 173-74.

## ANALYSIS

### I.   Hunter's Right to Counsel Was Not Violated Because the Investigator Was Not a Government Agent

Hunter argues under *State v. Cory*, 62 Wn.2d 371, 382 P.2d 1019 (1963), that the charges against him must be dismissed because his Sixth Amendment right to counsel was violated. In *Cory*, the defendant was incarcerated in jail awaiting trial. *See id.* at 372. A microphone had been placed in the attorney conference room in the jail, and the sheriff and his officers eavesdropped on and taped conversations between the defendant and his attorney. *See id.* The trial court excluded from trial any information derived from the eavesdropping but refused to dismiss the case. *See id.* Our Supreme Court reversed and dismissed the charges. *See id.* at 378. Noting the constitutional right to counsel, the court recognized that effective representation cannot

be had without the ability of the defendant to confer with counsel in private. *See id.* at 373-74. The court also recognized the importance of attorney-client confidentiality:

> It is also obvious that an attorney cannot make a full and complete investigation of both the facts and the law unless he has the full and complete confidence of his client, and such confidence cannot exist if the client cannot have the assurance that his disclosures to his counsel are strictly confidential.

*Id.* at 374 (internal quotation marks omitted). The court found that the sheriff's office violated the constitutional provisions protecting the right to counsel and the Washington statute establishing that the communications between an attorney and her client are privileged and confidential. *See id.* at 377. The court disagreed that the defendant was required to show prejudice[1] to gain a dismissal over a retrial because there was no way to isolate the prejudice resulting from the eavesdropping, that is, any information gained by the prosecution that was used in preparation for the first trial could be used again to prepare for a retrial. Out of regard for the court's dignity as an agency of justice and to deter law enforcement and prosecuting authorities from engaging in such egregious conduct, the court found that the only adequate remedy was a dismissal of the charges. *Id.* at 377-78.

Hunter also directs our attention to *State v. Granacki*, 90 Wn. App. 598, 959 P.2d 667 (1998). In *Granacki*, a police officer assisting the prosecutor at trial read defense counsel's notes that were left on the counsel table during a recess. *See id.* at 600. The notes contained a distillation of conversations that the defendant had had with his counsel. *See id.* at 603. The trial court granted a mistrial and dismissed the charges. *See id.* at 601. Although recognizing that actual prejudice was not certain because the officer had not communicated the information to the prosecutor

---

[1]The *Cory* court assumed that information gathered by the sheriff was communicated to the prosecutor. *See* 62 Wn.2d at 377 n.3.

when the motion for a mistrial was made, the *Granacki* court was concerned that the information could have affected the officer's testimony or what he said to the prosecutor. *See id.* at 604. Following *Cory*, this court affirmed the dismissal of charges. *See id.* at 604.

■ The State distinguishes both *Cory* and *Granacki*, arguing that here the investigator was not a government agent. The Washington Supreme Court found that for an informant to qualify as a government agent (1) there must be at least an implicit agreement between the government and the informant with respect to the current undertaking, and (2) the government must have the ability to control that undertaking. *See In re Personal Restraint of Benn*, 134 Wn.2d 868, 912, 952 P.2d 116 (1998). In addressing whether an inmate who testified against another inmate was a government agent, the *Benn* court looked to numerous federal cases, stating:

> The fact that an inmate has an existing relationship with law enforcement, has previously been an informant, or has received some benefit for reporting a defendant's statements may be evidence of his status as a government agent. None of these factors is dispositive, however. Similarly, the informant's understanding, either from past conduct as an informant or from the prison environment, that cooperation with the authorities may prove beneficial does not necessarily make the informant an agent. For there to be an agency relationship, there must be at least an implicit agreement between the parties with respect to the current undertaking. Furthermore, the principal must have the ability to control that undertaking.

> Following this analysis, federal circuit courts have declined to find agency relationships with long-standing police informants who expected a benefit from their information because there was no evidence that the government had directed or steered the informant toward the defendant. Courts have also declined to find agency, even when the informant and the defendant were placed in the same cell, because there was no prior agreement between the government and the informant.

*Id.* at 911-12 (internal quotation marks and citations omitted).

The State contends here that the trial court found that no government official asked Fairbanks to serve as an informant in Hunter's case and that there was no agreement that he would do so. The trial court further found that the government did not direct Fairbanks towards Hunter and did not control his activities with respect to Hunter's case. Hunter does not challenge these findings of fact. Thus, we find that Fairbanks does not qualify as a government agent in regard to Hunter's case. Absent government misconduct that must be deterred, there is no reason to dismiss the charges, especially in light of the trial court's unchallenged finding that Hunter suffered no prejudice. We affirm the trial court's denial of Hunter's motion to dismiss.

Hunter suggests that this holding will send the message to police and prosecutors that they can place officers or informants, posing as defense investigators, in law offices to discover defense strategy in pending litigation. But Hunter's alarm is unwarranted. Under the facts presented in Hunter's scenario, the informant, sent and controlled by the government, would be a government agent and any case on which the informant reported confidential information would be subject to dismissal.

## II. The Investigator Had No Duty to Disclose to Hunter That He Was Simultaneously Employed by Snohomish County on an Unrelated Case

In the State's cross-appeal it argues that the trial court erred in concluding that Fairbanks had an ethical duty to disclose his conflicting interest to Hunter.[2] The State points us to the statute prohibiting a licensed private investigator from "[a]cceptance of employment that is adverse to a client or former client and relates to a matter about which a licensee has obtained confidential information by reason of or in the course of the licensee's employment by the cli-

---

[2]The trial court concluded: "Mr. Fairbanks had an ethical duty to disclose his representation of conflicting interests." CP at 133, conclusion 5. The trial court concluded that Fairbanks failed to perform his duty to disclose but concluded that his failure is not attributable to the State. CP at 133, conclusion 5.

ent." RCW 18.165.160(9).[3] The State correctly argues that RCW 18.165.160(9) does not establish any duty to disclose but merely prohibits certain employment.[4] The statute does not, for example, allow conflicting employment if full disclosure is made and consent of the clients is obtained. Rather, the statute simply prohibits the employment. But the trial court did not cite RCW 18.165.160(9), or any authority, when concluding that Fairbanks had an ethical duty to disclose to Hunter his employment with Snohomish County.

Hunter argues, therefore, that the apt provisions are those defining an attorney's obligations when faced with a conflict of interest:

> A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:
>
> (1) The lawyer reasonably believes the representation will not be adversely affected; and
>
> (2) The client consents in writing after consultation and a full disclosure of the material facts (following authorization from the other client to make such a disclosure). When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.

RPC 1.7(b). Hunter contends that this rule applies here

---

[3]The parties point us to no Washington case discussing this statutory provision.

[4]Under the statute, if Hunter is Fairbanks's client, Fairbanks is prohibited from accepting employment with the State that is adverse to Hunter and relates to a matter about which Fairbanks has obtained confidential information by reason of or in the course of Fairbanks's employment by Hunter. After arguing that this statute does not establish a duty to disclose, the State asserts that Fairbanks could properly accept simultaneous employment with the State and with Hunter because Fairbanks's employment with the State did not relate to the matter about which he had received confidential information. The State contends that employment by the State is prohibited only where an investigator obtains confidential information from a defendant and the State's employment involves investigation of that defendant regarding the case about which the obtained information pertains.

because an investigator is an extension of and employee of the attorney. Hunter asserts that Fairbanks's work for him may have been materially limited by Fairbanks's responsibilities to his other employer, Snohomish County.

■ But application of RPC 1.7(b) does not help Hunter. The rule's plain language makes it applicable only to attorneys. And although RPC 5.3 places responsibilities on lawyers to make reasonable efforts to ensure that the conduct of their nonlawyer employees is compatible with the professional obligations of the lawyer, this rule again applies only to the lawyer.[5] Hunter has pointed us to no authority that establishes a duty on the part of investigators to disclose involvement in unrelated cases under the facts presented here, nor have we found one.[6]

We reverse the trial court's conclusion that the investigator had a duty to disclose to Hunter his involvement in an unrelated case.

## CONCLUSION

We affirm the judgment and sentence. We reverse the

---

[5]Comment to model rule 5.3 notes that nonlawyer employees are not subject to professional discipline. ABA MODEL RULES OF PROFESSIONAL CONDUCT 5.3, cmt. (1999).

[6]One court in another jurisdiction found in a fraud action that a defense attorney's investigator did not have a duty to disclose to the defendant his participation with law enforcement in a case unrelated to that of the defendant. *See Herring v. Parkman*, 631 So. 2d 996, 1001 (Ala. 1994). In that case, a private investigator assisted federal agents in a case involving the sale of illegal television satellite descramblers. *See id.* at 998. Later, individuals approached the attorney for whom the investigator worked seeking defense representation for violations of federal law pertaining to satellite descramblers. *See id.* at 998-99. The investigator participated in discussions with these individuals. *See id.* at 999. The investigator and the attorney determined privately that they were not faced with a conflict of interest due to the investigator's participation in the earlier case and did not make a disclosure to their new clients. *See id.* After the clients were convicted, they discovered the investigator's participation in the similar case and sued the attorney for malpractice and the investigator for fraud. *See id.* at 997. The former clients alleged that the investigator's "ongoing secret relationship with the government" occurred the same month that one of the former clients was indicted, and he testified that he would not have hired the attorney had he known of the investigator's involvement with the federal agents. *See id.* at 1000. The court found, for the purposes of the fraud action, that the facts did not create a duty to disclose the investigator's involvement in the unrelated case. *See id.* at 1001. But there is no indication in the opinion of the arguments presented to the court pertaining to the possible sources of such a duty.

trial court's conclusion of law that the investigator had a duty to disclose.

KENNEDY and APPELWICK, JJ., concur.

Reconsideration granted and opinion modified April 18, 2000.

Review denied at 141 Wn.2d 1027 (2000).