[No. 19880-4-III. Division Three. February 21, 2002.]

THE STATE OF WASHINGTON, *Respondent*, v. MICHAEL LOUIS AMODIO, *Appellant*.

*William D. Edelblute*, for appellant.

*Steven J. Tucker, Prosecuting Attorney*, and *Kevin M. Korsmo* and *Andrew J. Metts III, Deputies*, for respondent.

SCHULTHEIS, J. — A search warrant issued by a Spokane County district court commissioner led to the arrest and conviction of Michael Amodio for second degree unlawful possession of a firearm. Before trial, Mr. Amodio unsuccessfully challenged the validity of the warrant, arguing that the office of the district court commissioner was not created pursuant to the requirements of RCW 3.38.020. On appeal, Mr. Amodio contends (1) the district court commissioner was not properly appointed; (2) the trial court abused its discretion by admitting certain evidence; and (3) the evidence is insufficient to support the verdict. We find that the County's districting plan adequately complies with RCW 3.38.020. Further finding that the evidence, properly admitted, supports the verdict, we affirm.

FACTS

In March 2000, District Court Commissioner Robert Seines signed a search warrant authorizing the search of a residence at E. 2224 Everett, Spokane, for evidence of methamphetamine use, manufacture, and delivery. The affidavit supporting the request for the warrant indicated that current power records listed the subscribers at the residence as Michael and Linda Amodio.

Officers executed the warrant on April 5, 2000. They found Ms. Amodio in a main floor bedroom and another female in the basement living area. Mr. Amodio was not in the residence and did not appear during the search. Detective Kevin Langford searched about one-half of the bedroom. He found female clothing in that area, and a locked

wooden box. On the carved lid of the box, written in permanent marker, was the word "Mike's." Another officer unscrewed the clasp, opened the box, and discovered multiple knives and one old-style gunpowder revolver.

Because Mr. Amodio had a previous felony conviction, the State charged him with one count of second degree unlawful possession of a firearm, RCW 9.41.040(1)(b)(i). He moved for suppression of the revolver, based in part on his argument that the warrant was signed by a district court commissioner who had been appointed without proper legal authority. The motion was denied.

At trial, Mr. Amodio objected to admission of testimony regarding the word "Mike's" written on the wooden box. The trial court rejected his argument that the writing was hearsay, and allowed admission of a photograph of the box. To support its case that Mr. Amodio lived in the residence, the State also attempted to admit several documents found at the scene. Only one was admitted, over defense objection: a notice from the district court to Mr. Amodio concerning a fine. The notice was addressed to Mr. Amodio at 2223 E. Everett, rather than the actual address of 2224 E. Everett. The trial court redacted the name of the court and the offense from this document. After unsuccessfully moving to dismiss for insufficient evidence of constructive possession, Mr. Amodio rested his defense. The jury found him guilty of the offense and the court imposed a standard range sentence of six months.

APPOINTMENT OF THE DISTRICT COURT COMMISSIONER

■■ Mr. Amodio contends the trial court erred in concluding that the Spokane County district court commissioner had authority to issue the search warrant. He assigns no error to the findings of fact filed in the denial of his motion to suppress; accordingly, those findings are verities on appeal. *State v. Hill*, 123 Wn.2d 641, 644, 870 P.2d 313 (1994). We review the conclusions of law de novo. *State v. Johnson*, 128 Wn.2d 431, 443, 909 P.2d 293 (1996).

■ We begin by noting that in order to be valid, a warrant must be issued by a magistrate with the legal authority to issue it. *City of Seattle v. McCready*, 123 Wn.2d 260, 272, 868 P.2d 134 (1994). A warrant issued by a magistrate without the authority to do so "has no more validity than a warrant signed by a private citizen, and can no more serve as the authority of law necessary to satisfy the requirements of Const. art. 1, § 7." *Id.* Consequently, if Commissioner Seines did not have authority to issue the search warrant, then all evidence discovered at 2224 E. Everett should have been excluded as the fruit of an unlawful search. The question we address is whether the office of district court commissioner was properly created according to statute.

When authorized by the districting plan, "one or more district court commissioners may be appointed in any district by the judges of the district." RCW 3.42.010. The districting plan is created by a district court districting committee pursuant to RCW 3.38.020, which provides that the plan "shall" include, among other provisions, "[t]he number and location of district court commissioners to be authorized, if any." RCW 3.38.020(5). After the plan is developed by the districting committee, the county legislative authority (the board of county commissioners) holds a public hearing, and may adopt the plan as it is written or as it is amended. RCW 3.38.030.

In 1962, the Spokane County commissioners adopted a districting plan in resolution 62-169. The plan, codified as Spokane County Code (SCC) 1.16.040, provided that the justices of the peace (now called district court judges, RCW 3.30.015) in the Spokane district could appoint one justice court (now called district court, RCW 3.30.015) commissioner in each of the following locations: Cheney, Deer Park, Airway Heights, Millwood, Medical Lake, and Spangle. The districting plan was amended by resolution in 1978, creating one district court instead of four within the boundaries of Spokane County. By this new amendment, SCC 1.16.040 codified the provision challenged by Mr. Amodio: "The

justices of the peace of the Spokane District may appoint one or more justice court commissioners having those powers as enumerated in RCW Section 3.42.020." Clerk's Papers at 37.

Citing *State v. Moore*, 73 Wn. App. 805, 871 P.2d 1086 (1994), Mr. Amodio contends the 1978 amendment to SCC 1.16.040 fails to satisfy the requirements of RCW 3.38.020 that the districting plan include the number and location of the district court commissioners. In *Moore*, Skamania County had adopted a districting plan that did not include a provision authorizing appointment of district court commissioners. Although the districting committee had orally recommended to the board that it authorize commissioners, the recommendation was never reduced to writing, and the plan was never amended. *Moore*, 73 Wn. App. at 808-09. Nevertheless, the county district court judge appointed a commissioner who issued search warrants in each of 11 criminal prosecutions that were consolidated on appeal. *Moore* found that the office of district court commissioner had never been validly created. *Id.* at 812. Holding that the statute authorizing the office is not self-executing, the court held that the districting plan must specifically establish the office of district court commissioner by specifying the number and locations of commissioner courts. *Id.* at 813.

 *Moore* calls for strict compliance with RCW 3.38.020. *Id.* The "sound policy reasons" for strict compliance include recognition that the district court commissioner wields substantial authority without direct accountability to the county's residents. *Id.* Consequently, creation and authorization of the office must comply with the public process of debate and adoption at board of county commissioner meetings. *Id.* at 814.

In *Moore*, however, Skamania County never expressly appointed or authorized appointment of a commissioner after the district court system was established. Spokane County recently amended SCC 1.16.040 to comply with RCW 3.38.020:

There shall be up to five justice court commissioners having those powers enumerated in RCW Section 3.42.020. The actual number of justice court commissioners, up to five, shall be determined on a yearly basis upon the board of county commissioners['] adoption of the Spokane County district court budget. Justice court commissioners' court rooms and records shall be in the Spokane County Courthouse Complex or in court facilities located within the city limits of Cheney or city limits of Deer Park.

SCC 1.16.040. When a specific statutory procedure for creation of a governmental department or position is not followed, a subsequent legislative enactment incorporating the necessary elements can provide the notice and authorization necessary to cure the deficiency. *In re Eng*, 113 Wn.2d 178, 191, 776 P.2d 1336 (1989). In *Eng*, three appellants challenged the authority of certain Seattle municipal judges whose departments had not been established by the city's legislative body as required by law. *Eng*, 113 Wn.2d at 191, found that while the specific statutory procedure had not been followed, subsequent codification identifying all the departments provided "more than adequate notice, albeit after the fact." The court concluded, "[t]hus, the City officially created half of its municipal court departments years after it 'created' them in practice." *Id.*

As noted in *Moore*, 73 Wn. App. at 814, public input into the creation of the office of district court commissioner is the paramount concern of the Legislature. In the case before us, the process of resolutions, public discussion, adoption, and amendment of the county code has provided the public adequate opportunity to be heard on the authorization for the office of district court commissioner. As in *Eng*, the County incorporated the statutorily required elements in a subsequent code authorizing Commissioner Seines—the fourth district court position created out of a maximum of five—after the fact. We find that Commissioner Seines' office was properly created, and conclude that the search warrant he issued was valid.

Affirmed.

The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions, RCW 2.06.040.

BROWN, A.C.J., and SWEENEY, J., concur.

Review denied at 147 Wn.2d 1011 (2002).