# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

STATE OF WASHINGTON,

                Respondent,

    v.

ANTHONY JOSEPH CORBELLA,

                Appellant.

No. 69228-3-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: November 12, 2013

LEACH, C.J. — Anthony Corbella appeals his conviction for possession of heroin. He challenges the trial court's denial of his motion to suppress evidence seized during his encounter with police, claiming that an initial illegal search tainted evidence seized from his car in a subsequent consent search. Because substantial evidence supports both the trial court's finding that Corbella consented voluntarily to the search of his car and its conclusion that the initial unlawful search did not taint the subsequent search of the car, we affirm.

## Background

On May 11, 2011, at about 11:30 p.m., Bellevue Police Lieutenant Mark Tarantino observed Anthony Corbella and a woman sitting inside a parked car at the Newport Hills Park and Ride. They appeared "surprised" to see Tarantino, who parked his patrol car and approached the other car on foot. Tarantino shined his flashlight into the car and saw a lighter in Corbella's hand, as well as

what appeared to be a piece of foil with burn marks on it near Corbella's foot, on the driver's side floorboard. Suspecting that the foil was evidence of drug activity, Tarantino asked Corbella to hand it to him. Corbella complied, and Tarantino saw that the foil contained burn marks and residue. He handed the foil back to Corbella and radioed for backup assistance. Corbella complied with Tarantino's request to step out of the car. Tarantino told Corbella that he "suspected that there was drug activity going on" and asked him if he used drugs. Corbella said he uses heroin. When Tarantino asked Corbella if there was any heroin in the car, Corbella said that the passenger door compartment contained heroin. When backup officers arrived, Tarantino relayed his observations to Officer Lange, who then spoke to Corbella.

When Lange asked him what he had been doing, Corbella responded that he had borrowed the car to give his passenger a ride and stopped to consume heroin. Corbella told Lange that the drugs were in the passenger door side compartment.

Lange ran a computer check and discovered that Corbella had an outstanding warrant for driving with license suspended in the second degree. Lange told Corbella that he was under arrest, handcuffed him, and read him his Miranda[1] rights. Corbella said that he understood his rights and gave permission to search his car by signing a consent to search form, which Lange also read to

---

[1] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

-2-

him. The search revealed heroin in the side compartment of the front passenger door. Lange also found the piece of foil with burn marks and heroin residue on the floor of the car. The State charged Corbella with possession of heroin. Corbella moved to suppress all evidence seized during his encounter with the police.

Following CrR 3.5 and 3.6 hearings, the trial court ruled that Tarantino's request for the piece of foil was an unlawful search. The court excluded evidence of the foil, along with all of Tarantino's observations of the foil that he made after obtaining it. The trial court admitted Tarantino's initial visual observations from outside the car and the other evidence that Lange obtained. After a stipulated bench trial, the trial court found Corbella guilty as charged.

Corbella appeals.

## Standard of Review

We review the denial of a motion to suppress evidence by determining if substantial evidence supports the trial court's findings of fact and if those findings support the trial court's conclusions of law.[2] Substantial evidence exists if it is sufficient to persuade a fair-minded, rational person of the truth of the matter asserted.[3] Unchallenged findings of fact are verities on appeal.[4] We review conclusions of law de novo.[5] The trial court's determination that the primary

---

[2] State v. Ross, 106 Wn. App. 876, 880, 26 P.3d 298 (2001).
[3] State v. Levy, 156 Wn.2d 709, 733, 132 P.3d 1076 (2006).
[4] State v. Hill, 123 Wn.2d 641, 644, 870 P.2d 313 (1994).
[5] State v. Acrey, 148 Wn.2d 738, 745, 64 P.3d 594 (2003).

unlawful search did not taint Lange's subsequent discovery of the heroin is a mixed question of law and fact, which we review de novo.[6]

Analysis

Corbella challenges the admission of all evidence obtained after Tarantino's request that he hand over the foil, arguing that this unlawful search tainted Lange's consent and thus all subsequently obtained evidence. Warrantless searches are per se unreasonable, and the State bears the burden to show one of the "'jealously and carefully drawn'" exceptions to the warrant requirement.[7] Consent is a valid exception, provided (1) it is voluntary, (2) the person consenting has the authority to do so, and (3) the search does not exceed the scope of consent.[8] The prosecution must show by clear and convincing evidence that a defendant's consent was free and voluntary.[9] Clear and convincing evidence exists when the evidence shows that the ultimate fact in issue is highly probable.[10] A court determines if consent is free and voluntary as a question of fact based upon the totality of the circumstances, including (1) if

---

[6] Humphrey Indus. Ltd. v. Clay St. Assocs., 170 Wn.2d 495, 501-02, 242 P.3d 846 (2010).

[7] State v. Morse, 156 Wn.2d 1, 7, 123 P.3d 832 (2005) (internal quotation marks omitted) (quoting State v. Reichenbach, 153 Wn.2d 126, 131, 101 P.3d 80 (2004)).

[8] State v. Thompson, 151 Wn.2d 793, 803, 92 P.3d 228 (2004). Though Corbella was driving a borrowed car, the car's owner later confirmed that he gave Corbella his permission to use it, and thus Corbella had authority to consent to a search. Corbella does not argue that the search exceeded the scope of his consent.

[9] State v. Smith, 115 Wn.2d 775, 789, 801 P.2d 975 (1990) (citing State v. Shoemaker, 85 Wn.2d 207, 210, 533 P.2d 123 (1975); State v. Nelson, 47 Wn. App. 157, 163, 734 P.2d 516 (1987)).

[10] In re Dependency of K.S.C., 137 Wn.2d 918, 925, 976 P.2d 113 (1999).

police gave <u>Miranda</u> warnings before obtaining consent, (2) the consenting person's degree of education and intelligence, and (3) if the police advised the consenting person of the right to refuse consent.[11]   No one factor is determinative.[12]

If an unlawful search precedes a later consent search, the court must determine if the earlier illegality tainted the process of obtaining the derivative evidence.  If so, the Fourth Amendment of the United States Constitution and article I, section 7 of the Washington Constitution require excluding the evidence seized in the later search.[13]  This is a factual determination that requires examining the police officers' actions and their motivations for their actions.  As part of this inquiry, the court considers if discoveries made in the initial unlawful search motivated the officers conducting the subsequent search.[14]  This court considers (1) the temporal proximity of the illegality and the subsequent consent, (2) the presence of any significant intervening circumstances, (3) the purpose and flagrancy of the officers' misconduct, and (4) the giving of <u>Miranda</u> warnings.[15]

---

[11] <u>Smith</u>, 115 Wn.2d at 789 (citing <u>Shoemaker</u>, 85 Wn.2d at 212).

[12] <u>Smith</u>, 115 Wn.2d at 789.

[13] See <u>Wong Sun v. United States</u>, 371 U.S. 471, 484-85, 83 S. Ct. 407, 9 L. Ed. 2d 441 (1963); <u>State v. Jensen</u>, 44 Wn. App. 485, 489 n.1, 723 P.2d 443 (1986).

[14] <u>Murray v. United States</u>, 487 U.S. 533, 542, 108 S. Ct. 2529, 101 L. Ed. 2d 472 (1988); <u>State v. Gaines</u>, 154 Wn.2d 711, 718-21, 116 P.3d 993 (2005); <u>State v. Miles</u>, 159 Wn. App. 282, 291-94, 244 P.3d 1030, <u>review denied</u>, 171 Wn.2d 1022 (2011).

[15] <u>State v. Gonzales</u>, 46 Wn. App. 388, 398, 731 P.2d 1101 (1986).

As to the first two considerations, Corbella's consent and Lange's search were close in time to Tarantino's initial search, and there were no significant intervening circumstances. But Corbella received proper Miranda warnings at the time of his arrest, and he consented verbally and in writing to a search of his car after police told him that he did not have to consent. Nothing in the record indicates that the police used threatening, coercive, or otherwise "flagrant" behavior.[16] Considering the totality of the circumstances, clear and convincing evidence supports the conclusion that consent to the search was freely and voluntarily given.

Though Tarantino spoke to Lange about his earlier observations, no evidence in the record shows that Tarantino's initial unlawful search motivated Lange's subsequent actions.[17] Corbella does not dispute that when Lange asked him what he had been doing, Corbella volunteered the information that he stopped in the parking lot to use drugs. He then voluntarily told Lange where the drugs were. Tarantino's lawful observations and Corbella's answers to Lange's questions motivated Lange's search, which followed a valid arrest and validly obtained consent. The earlier illegality of Tarantino's request and handling of the foil did not taint either Corbella's consent or Lange's later search.

---

[16] Contra State v. O'Neill, 148 Wn.2d 564, 591, 62 P.3d 489 (2003) (holding that officers' repeated requests for consent after defendant's initial refusal constituted coercion and vitiated consent).

[17] Lange did not recall if Tarantino told him that he asked for and took the foil from Corbella.

## Conclusion

Because substantial evidence supports both the trial court's finding that Corbella consented voluntarily to the search of his car and its conclusion that Tarantino's unlawful search did not taint Lange's subsequent search of the car, we affirm.

_Leach, C.J._

WE CONCUR:

_Appelwick, J_          _Cox, J._