[No. 60193-3.   En Banc.   March 17, 1994.]

THE STATE OF WASHINGTON, *Petitioner*, v. ROBERT JAMES HILL, *Respondent*.

*Norm Maleng, Prosecuting Attorney,* and *John L. Belatti, Deputy,* for petitioner.

*James R. Short,* for respondent.

BRACHTENBACH, J. — Defendant Hill was convicted on two counts of possession of cocaine in violation of the Uniform Controlled Substances Act. At the pretrial hearing,

defendant moved to suppress evidence of rock cocaine seized from the pocket of his sweatpants which police picked up from the bedroom floor during a search of another's home. The trial court denied his motion. On appeal, the Court of Appeals concluded that the search of the sweatpants constituted an impermissible search of defendant's person and reversed the trial court. *State v. Lee*, 68 Wn. App. 253, 842 P.2d 515 (1992). We reverse the Court of Appeals.

Seattle police officers obtained a search warrant authorizing the search of a house for narcotics and related paraphernalia. No individuals were named in the warrant. Upon executing the warrant, the officers found defendant, Robert James Hill, in the bedroom, along with a scantily clad woman who was sitting on the bed. After questioning, police determined that the woman occupied the home, while defendant did not. When Officer Martin entered the bedroom, defendant was standing naked at the foot of the bed, already handcuffed. The officer sought to take defendant into the living room, which had been searched and was considered clean of weapons and contraband. According to an undisputed finding of fact, defendant asked the officer for his sweatpants. Officer Martin testified that the sweatpants were lying on the floor within 6 feet of the defendant. Before helping the defendant clothe himself, Officer Martin first patted down the exterior of the pants. He testified that in doing so, he did not feel anything which indicated a weapon. He then proceeded to search the pockets for weapons, identification, and contraband, utilizing a "special technique" in which he reached his hand halfway into a pocket, then slowly pulled the pocket inside out. He discovered small crumbs of rock cocaine in the pockets. This evidence was the basis of the conviction on the one count being appealed here.

Under a search warrant for a premises, the personal effects of the owner may be searched provided they are plausible repositories for the objects named in the warrant. *State v. Worth*, 37 Wn. App. 889, 892, 683 P.2d 622 (1984). A premises warrant does not confer authority upon an officer

to search the individuals found at the premises. *State v. Broadnax*, 98 Wn.2d 289, 301, 654 P.2d 96 (1982) (citing *Tacoma v. Mundell*, 6 Wn. App. 673, 495 P.2d 682 (1972)). Furthermore, generally officers have no authority under a premises warrant to search personal effects an individual is wearing or holding. *See State v. Worth, supra* at 889. The issue here is whether an article of clothing picked up by an officer off the floor was so intimately connected with the defendant that the search of the clothing constituted a search of his person. Under the facts of this case, as established by the trial court at the suppression hearing, we hold that the sweatpants were not an extension of defendant's person, but part of the premises to be searched.

██ Following the suppression hearing, the trial court entered disputed facts, undisputed facts, and conclusions as required by CrR 3.6. Defendant has assigned no error to any of the entries of fact. It is well-established law that an unchallenged finding of fact will be accepted as a verity upon appeal. *In re Riley*, 76 Wn.2d 32, 33, 454 P.2d 820, *cert. denied*, 396 U.S. 972, 24 L. Ed. 2d 440, 90 S. Ct. 461 (1969); *Tomlinson v. Clarke*, 118 Wn.2d 498, 501, 825 P.2d 706 (1992). We have held that this rule also applies to facts entered following a suppression motion. *State v. Christian*, 95 Wn.2d 655, 656, 628 P.2d 806 (1981). Defendant's failure to assign error to the facts entered by the trial court precludes our review of these facts and renders these facts binding on appeal. We will nevertheless take this opportunity to clarify the case law regarding the standard of review for factual findings entered pursuant to a suppression hearing.

Generally, findings are viewed as verities, provided there is substantial evidence to support the findings. *State v. Halstien*, 122 Wn.2d 109, 128, 857 P.2d 270 (1993). Substantial evidence exists where there is a sufficient quantity of evidence in the record to persuade a fair-minded, rational person of the truth of the finding. *Halstien*, at 129.

This well-established rule has not been consistently followed, however, in review of facts following a suppression

motion.[1] There is a line of cases holding that although the trial court's findings following a suppression motion are of great significance to the reviewing court, the fundamental constitutional rights involved require the appellate court to undertake an independent evaluation of the evidence. *See, e.g., In re McNear*, 65 Wn.2d 530, 537, 398 P.2d 732 (1965) (first Washington case involving suppression of evidence seized during search which holds that the appellate court must make an independent evaluation of evidence); *State v. Mennegar*, 114 Wn.2d 304, 309-10, 787 P.2d 1347 (1990); *State v. Daugherty*, 94 Wn.2d 263, 269, 616 P.2d 649 (1980), *cert. denied*, 450 U.S. 958, 67 L. Ed. 2d 382, 101 S. Ct. 1417 (1981); *State v. Mak*, 105 Wn.2d 692, 712-13, 718 P.2d 407, *cert. denied*, 479 U.S. 995, 93 L. Ed. 2d 599, 107 S. Ct. 599 (1986).

The history behind the rule requiring an independent evaluation of the evidence reveals that it is an anomaly in Washington law and should be discarded. Originally a standard for federal review of state court decisions under the federal constitution, this rule was misappropriated into our body of state law. *See State v. Rutherford*, 63 Wn.2d 949, 955, 389 P.2d 895 (1964) (first Washington case referring to the duty to conduct an independent evaluation of the record where constitutional rights involved). The United States Supreme Court has long held that determinations of a state trier of fact do not bind the Court in a matter of federal right. *See, e.g., Cedar Rapids Gas Light Co. v. Cedar Rapids*, 223 U.S. 655, 668-69, 56 L. Ed. 594, 32 S. Ct. 389 (1912); *Norris v. Alabama*, 294 U.S. 587, 590, 79 L. Ed. 1074, 55 S. Ct. 579 (1935); *Napue v. Illinois*, 360 U.S. 264, 271-72, 3 L. Ed. 2d 1217, 79 S. Ct. 1173 (1959). Where a federal right is claimed in state court, the Supreme Court will undertake an examination of evidence, if necessary,

---

[1]We note that CrR 3.5 contains language identical to CrR 3.6 requiring the trial court to make an entry of disputed facts, undisputed facts and conclusions. There is equal, if not greater, confusion regarding the standard of review for findings entered in cases involving the admissibility of a confession. However, because the instant case does not involve the admission of a statement, we will not address the standard to be applied in such cases.

otherwise review by that Court "would fail of its purpose in safeguarding constitutional rights." *Norris,* at 590. *See also Pierre v. Louisiana,* 306 U.S. 354, 83 L. Ed. 757, 59 S. Ct. 536 (1939); *Chambers v. Florida,* 309 U.S. 227, 229, 84 L. Ed. 716, 60 S. Ct. 472 (1940); *Lisenba v. California,* 314 U.S. 219, 237, 86 L. Ed. 166, 62 S. Ct. 280 (1941), *reh'g denied,* 315 U.S. 826, 86 L. Ed. 1222, 62 S. Ct. 620 (1942); *Ashcraft v. Tennessee,* 322 U.S. 143, 148, 88 L. Ed. 1192, 64 S. Ct. 921 (1944).

Although the Supreme Court will undertake its own examination of the evidence where the petitioner claims a denial of a federal constitutional right, the Court has not completely disregarded the state court resolution of disputed facts. *See, e.g., Thomas v. Arizona,* 356 U.S. 390, 402-03, 2 L. Ed. 2d 863, 78 S. Ct. 885, *reh'g denied,* 357 U.S. 944, 2 L. Ed. 2d 1557, 78 S. Ct. 1379 (1958). The Court will still accord an "appropriate and substantial effect" to state court "resolutions of conflicts in evidence as to the occurrence or nonoccurrence of factual events and happenings." *Haynes v. Washington,* 373 U.S. 503, 516, 10 L. Ed. 2d 513, 83 S. Ct. 1336 (1963). The reason given for this is the "trial judge and jury are closest to the trial scene and thus afforded the best opportunity to evaluate contradictory testimony." *Haynes,* at 516. Nevertheless, the Supreme Court's duty of constitutional adjudication mandates that the ultimate resolution of the constitutional question be the subject of an independent examination by the Court. *Haynes,* at 515; *Napue,* at 271-72.

Review by a state appellate court of a trial court decision does not implicate the same concern of undue influence by state courts over matters of federal constitutional law. Within our appellate court system there is no reason to make a distinction between constitutional claims, such as those involved in a suppression hearing, and other claims of right. The trier of fact is in a better position to assess the credibility of witnesses, take evidence, and observe the demeanor of those testifying. *See Tapper v. Employment Sec. Dep't,* 122 Wn.2d 397, 405, 858 P.2d 494 (1993); *Fisher*

*Properties, Inc. v. Arden-Mayfair, Inc.*, 115 Wn.2d 364, 369-70, 798 P.2d 799 (1990). This remains true regardless of the nature of the rights involved.

There is adequate opportunity for review of trial court findings within the ordinary bounds of review. A trial court's erroneous determination of facts, unsupported by substantial evidence, will not be binding on appeal. *Nord v. Eastside Ass'n Ltd.*, 34 Wn. App. 796, 798, 664 P.2d 4, *review denied*, 100 Wn.2d 1014 (1983); *cf. Halstien.* This strikes the proper balance between protecting the rights of the defendant, constitutional or otherwise, and according deference to the factual determinations of the actual trier of fact. We hold that in reviewing findings of fact entered following a motion to suppress, we will review only those facts to which error has been assigned. Where there is substantial evidence in the record supporting the challenged facts, those facts will be binding on appeal.

In this case, despite conflicting testimony, the trial court set out as an undisputed fact that "[a]lthough there was some evidence that the sweatpants were defendant's, it is not clear that this was obvious to the officer before he searched the pants; the pants were on the floor near the door and not obviously associated with the defendant." Clerk's Papers, at 39-40. Defendant argues that his pants were an "immediately recognizable item of personal effects", and hence, were not within the scope of the search warrant. Opening Brief of Appellant, at 15. This argument cannot be reconciled with the facts entered by the trial court.

We are in accord with the Court of Appeals that Fourth Amendment protections extend to "readily recognizable personal effects . . . which an individual has under his control and seeks to preserve as private." *State v. Worth*, 37 Wn. App. 889, 893, 683 P.2d 622 (1984). Nevertheless, here it is undisputed that the pants were not clearly associated with the individual, and there is no evidence in the record that he sought to preserve the pants as private. Thus, defendant's sweatpants are not constitutionally protected from a search under a premises warrant.

■ Under the particulars of this case, defendant's Fourth Amendment claim remains unaffected by the fact that he did not reside at the premises described in the warrant. Where an item is not clearly connected with an individual, and there is no notice to the police that the individual is a visitor to the premises, there are no grounds on which the defendant may claim that officers are forbidden to search that item pursuant to a premises warrant. Here defendant has assigned no error to the trial court's conclusion that "the defendant did not appear to be a mere visitor; by appearing naked in the room he evinced more of a connection with the premises than a mere visitor." Clerk's Papers, at 40-41. Likewise, in his brief to the Court of Appeals, defendant did not properly raise the issue of whether it is permissible to search a visitor's belongings and has filed no answer to the petition for review. Defendant has provided no authority or argument for the proposition that a search of a visitor's belongings should be protected under the Fourth Amendment from a search by officers executing a premises warrant. We will not address constitutional arguments unsupported by adequate briefing. *Margola Assocs. v. Seattle*, 121 Wn.2d 625, 650, 854 P.2d 23 (1993); *Spokane v. Taxpayers of Spokane*, 111 Wn.2d 91, 96, 758 P.2d 480 (1988). Because of these inadequacies in the defendant's brief, we do not address whether or not it would be permissible for an officer to search a visitor's belongings under a premises warrant where the officer has notice that the property belongs to the visitor.

Our conclusion that the sweatpants were merely another household object forecloses defendant's arguments that the search of the pants was beyond the scope of a pat-down frisk under *Terry v. Ohio*, 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (1968).

Based on the uncontroverted findings of fact entered by the trial court, we hold that the search of defendant's sweat-

pants was proper under the search warrant for the pre-
mises. Defendant's conviction is affirmed.

ANDERSEN, C.J., and UTTER, DOLLIVER,. DURHAM, SMITH,
GUY, JOHNSON, and MADSEN, JJ., concur.