COURT OF APPEALS D1
STATE OF WASHINGTON

2015 MAR -2 AM 9: 55



# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 71506-2-I |
| Respondent, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | |
| WILLIAM T. WRIGHT, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: March 2, 2015 |

SPEARMAN, C.J. — William Wright appeals his conviction for one count of indecent liberties under RCW 9A.44.100(1)(b). He claims the trial court erred when it denied his motion to suppress evidence obtained in a warrantless search of a hotel room he had occupied. We conclude that because Wright had no reasonable expectation of privacy in the hotel room, the hotel manager's consent to the search was valid and the search was lawful. We affirm. [1]

## FACTS

On the evening of September 4, 2010, A.B. went out with friends to a party, dinner and then to Bert's Tavern in Bothell, Washington. A.B. had consumed five or six drinks over the course of the evening and, by the time the

---

[1] Wright also filed two statements of additional grounds pursuant to RAP 10.10. In the first, he challenges the credibility of A.B.'s testimony and the reliability of the DNA evidence. The challenge fails because these issues are solely within the province of the jury and we will not disturb its resolution of these issues on appeal. State v. Johnson, 2 Wn. App. 743, 744, 472 P.2d 411 (1970). We decline to consider Wright's second statement of additional grounds because it was filed beyond the time limit established in RAP 10.10(d).

group arrived at the tavern, she looked and felt "a little buzzed." 2Verbatim Report of Proceedings (VRP) at 77, 109.[2] Sometime after their arrival at the tavern, William Wright struck up a conversation with the group. Wright and A.B. talked and flirted for a while and, eventually, A.B. informed one of her friends that she was going outside to have another drink in Wright's car, which was parked outside the tavern. After A.B. had been gone for about 20 minutes, two of her friends stepped outside to look for her, but Wright and A.B. had already left the tavern together. The couple stopped to pick up more liquor and, around midnight, they drove to the Extended Stay America Hotel in Bothell, Washington. At 12:05 a.m., Wright paid for a one night stay and he and A.B. went to his room.

A.B. testified at trial that she woke up in the room around 4:30 a.m., but she did not recognize Wright and did not recall the evening before or how she got to the room. Although she was still wearing a pair of jeans, she saw that the crotch of her jeans and her underwear had been cut or ripped open. She also testified that Wright repeatedly hung up the phone when she tried to call her friends. When she began to yell, he grabbed some of his belongings and left the room. Shortly thereafter, A.B. called her sister and one of her friends, then went downstairs to wait for them in the lobby. When A.B.'s sister and friend arrived, they insisted that she call the police.

---

[2] The verbatim report of proceedings of the April 18, 2013 CrR 3.6 hearing is referred to herein as "1VRP". The sequentially paginated verbatim report of proceedings of trial and sentencing dates from November 22, 2013 to January 31, 2014 is referred to herein as "2VRP".

Wright testified at trial that he engaged in consensual sexual contact with A.B. shortly after they arrived at the hotel. Specifically, he admitted that, after a bath, he got into bed naked with A.B., who was rubbing against him. He also admitted touching her over her clothes. He stated that he had just shaved and still had the razor in his hand when he got into bed. According to Wright, upon seeing the razor, A.B. asked him provocatively what he intended to do with it and asked him to cut open her pants. Wright testified that he did so, making a small slit in the crotch of her jeans. After a short time, Wright claimed A.B. fell asleep and denied having any further physical contact with her.

Officers from the Bothell Police Department arrived at the hotel to investigate a possible sexual assault on the morning of September 5. They took a statement from A.B. and transported her to the hospital for a sexual assault examination. They also contacted hotel staff and confirmed that Wright's room was unoccupied and secure. At 1:35 p.m., a detective contacted the on-duty manager and obtained consent to search the room. The officers did not obtain a search warrant. They executed the search at 1:50 p.m. The search yielded multiple items of evidence, including a men's razor and shaving cream, three partially consumed bottles of beer, denim fibers found on the bed that matched A.B.'s jeans, and a dildo that subsequently tested positive for both Wright and A.B.'s DNA.

Following these events, the Snohomish County Prosecutor's Office charged Wright with one count of attempted indecent liberties, later amending the

charge to indecent liberties. The State alleged that Wright knowingly caused A.B., who was "incapable of consent by reason of being mentally defective, mentally incapacitated, and physically helpless, to have sexual contact with [him] or another, proscribed by RCW 9A.44.100(1)(b), a felony." Clerk's Papers (CP) at 78.

Prior to trial, Wright filed a CrR 3.6 motion to suppress the evidence obtained in the warrantless search of the hotel room. The State opposed the motion, arguing that Wright had no reasonable expectation of privacy in the hotel room at the time of the search because it occurred approximately two hours after the hotel's regular check out time of 12:00 p.m. and, consequently, the on-duty hotel manager had authority to consent to the warrantless search. The trial court convened an evidentiary hearing on Wright's motion.

The manager of the hotel testified at the hearing regarding the hotel's standard policy for guest check in and check out. She testified that, due to an anomaly of the hotel's computer registration system, employees could not assign a guest a departure date in the computer that was the same as the arrival date. Nevertheless, guests were generally expected to check out by 12:00 p.m. on the afternoon following their arrival, even if it fell on the same calendar date as their arrival. In Wright's case, because check in was completed five minutes past midnight on September 5, the hotel documents, including the registration card signed by Wright, indicated an arrival date of September 5, 2010 and a departure date of September 6, 2010. But, according to hotel policy, because Wright had

paid for only one night, he was still expected to vacate his room by noon on September 5.

One of the investigating officers also testified at the hearing. He testified that the search of Wright's room was not executed until after a detective had contacted hotel staff to confirm Wright's hotel room was unoccupied and secure, verify that Wright's check out time had passed, and obtain a signed consent form from the on-site hotel manager.

Wright did not testify at the hearing but argued that because the registration card indicated a departure date of September 6, 2010, he retained a reasonable expectation of privacy in the room until noon on that date. The trial court denied Wright's motion.

After a trial, Wright was convicted by a jury as charged. He appeals.

## DISCUSSION

Wright challenges the trial court's denial of his motion to suppress evidence obtained in the warrantless search of his hotel room. He argues that the search was unreasonable under the Fourth Amendment to the United States Constitution and article I, section 7 of the Washington Constitution. He concedes that the hotel manager gave the officers consent to search the room, but contends the consent was invalid because at the time it was given he still retained a reasonable expectation of privacy in the room.

> We review the validity of a warrantless search de novo. State v. Kypreos, 110 Wn. App. 612, 616, 39 P.3d 371 (2002). We review conclusions of law relating to the suppression of evidence de novo and findings of fact for substantial evidence. State v. Winterstein,

> 167 Wn.2d 620, 628, 220 P.3d 1226 (2009). Substantial evidence exists where there is a sufficient quantity of evidence in the record to persuade a fair-minded, rational person of the truth of the finding. State v. Hill, 123 Wn.2d 641, 647, 870 P.2d 313 (1994). Generally, we view trial court findings as verities, provided there is substantial evidence to support them. Hill, 123 Wn.2d at 647.

State v. Parris, 163 Wn. App. 110, 116, 259 P.3d 331 (2011). The burden is on the State to establish an exception to the general requirement that searches be predicated by a warrant issued upon probable cause. State v. Thompson, 151 Wn.2d 793, 803, 92 P.3d 228 (2004). The burden is on the defendant to establish the expectation of privacy in the place or premises that were searched. State v. Jones, 68 Wn. App. 843, 847, 845 P.2d 1358 (1993). Unchallenged findings of fact are verities on appeal. State v. Valdez, 167 Wn.2d 761, 767, 224 P.3d 751 (2009).

In order to establish valid consent to a search, the State bears the burden of establishing that: (1) the consent was voluntary, (2) the person consenting had authority to do so, and (3) the search did not exceed the scope of the consent. State v. Thompson, 151 Wn.2d 793, 803, 92 P.3d 228 (2004) (citing State v. Walker, 136 Wn.2d 678, 682, 965 P.2d 1079 (1998)). Only the second element is in issue here. The trial court found that Wright checked into the hotel just after midnight on September 5 and "paid for one night." CP at 33-34. The court also found that Wright "was expected to vacate the room by the normal check-out time on September 5, 2010." CP at 33-34. Because Wright does not challenge these findings, they are verities on appeal. Valdez, 167 Wn.2d at 767. Since these uncontested findings show that Wright's tenancy in the room ended at

noon on September 5, 2010, it follows that any reasonable expectation of privacy Wright may have had in the hotel room also ended at that time. Because the officers obtained the hotel manager's consent to search the room after that, the consent was valid.

Wright relies on State v. Davis, 86 Wn. App. 414, 937 P.2d 1110 (1997), to argue that he had a reasonable expectation of privacy in the hotel room at the time of the search. He contends that because the registration form showed a departure date of September 6, 2010, his tenancy in the room had not yet expired when the search was executed on the afternoon of September 5. The argument is not well taken.

It is true that Washington courts recognize a hotel guest's reasonable expectation of privacy in his or her room, which is the same as the owner or renter of a private residence during the duration of his or her tenancy. Davis, 86 Wn. App. at 419. But it is well-settled that at the expiration of a hotel guest's tenancy the innkeeper acquires the right to control the premises and has authority to consent to a warrantless search by law enforcement at such time. Davis, 86 Wn. App. at 419 (citing State v. Roff, 70 Wn.2d 606, 611-12, 424 P.2d 643 (1967); United States v. Huffhines, 967 F.2d 314, 318 (9th Cir. 1992)). Because the trial court's unchallenged findings in this case establish that Wright's tenancy had expired before the on-site manager gave consent for the police to search the room, her consent was authorized.

We conclude that Wright had no expectation of privacy in the hotel room at the time of search and the warrantless search was conducted pursuant to a valid consent. Accordingly, the trial court's denial of Wright's motion to suppress was not error.

Affirm.

WE CONCUR:

Spearman, C.J.

Cox, J.