FILED
SEPTEMBER 22, 2016
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 33154-7-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| ALDO MIGUEL GUTIERREZ, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Aldo Miguel Gutierrez appeals his juvenile adjudication for assault in the second degree by strangulation. Because sufficient evidence supports the trial court's findings, we affirm.

## FACTS

Mr. Gutierrez was involved in a fight with another student, J.P., during a class taught by Dale Mapes at Stanton Academy in Yakima. The incident was captured on video.

The confrontation between Mr. Gutierrez and J.P. started with a heated verbal exchange in Spanish. Mr. Gutierrez then removed his shirt and attacked J.P. by tackling him and pushing him to the ground. Mr. Mapes intervened, and the students separated for

a short time. At that point, no one appeared injured. But unfortunately the incident was not over. The facts most relevant to this appeal pertain to what happened next.

While Mr. Mapes was present, the two students got to their feet. Mr. Mapes heard Mr. Gutierrez tell J.P. in English that he had won and he would do it again. The two students then returned to arguing in Spanish. At one point, the students chest-bumped each other. Mr. Gutierrez also pushed J.P., at which point Mr. Mapes again separated them and Mr. Gutierrez stepped a few feet away. Mr. Gutierrez pointed at J.P. several times while still arguing in Spanish.

While the two were separated, Mr. Gutierrez put his shirt back on and Mr. Mapes looked away to ask another student to go find security. J.P. then picked up an electronic device of Mr. Gutierrez's off the table and threw it on the floor. Mr. Gutierrez initially walked toward the device but then turned and walked toward his chair while Mr. Mapes talked to J.P. Mr. Gutierrez turned around again, removed his shirt, and walked back toward Mr. Mapes and J.P. Mr. Mapes turned to talk to Mr. Gutierrez. J.P. turned back to his chair, removed his shirt, and charged at Mr. Gutierrez. J.P. attempted to strike Mr. Gutierrez, but Mr. Gutierrez wrapped his arms around J.P. and picked him up. Both students ended up on the ground.

While struggling on the ground, Mr. Gutierrez had his arm around J.P.'s neck in a maneuver experts testified was a rear naked choke.[1] School officials subsequently removed Mr. Gutierrez from J.P. Initially, J.P. appeared to be unconscious. He opened his eyes after about 10-15 seconds. The entire incident between Mr. Gutierrez and J.P. lasted approximately three and a half minutes.

The State charged Mr. Gutierrez with assault in the second degree by strangulation. After a bench trial, the court found Mr. Gutierrez guilty as charged. The court stated in its oral ruling that Mr. Gutierrez forfeited his ability to assert self-defense under the initial aggressor doctrine. The court further explained that due to Mr. Gutierrez's actions during the lull in the fistfight, it could not find:

> [Mr. Gutierrez] in good faith withdrew from combat in a time and in a manner to let [J.P.] know that you were in good faith intending to withdraw from further aggressive action. It was a continuity of aggressive actions and words. I understand that words alone aren't sufficient under the law. And I agree with that premise, but here we had a chest bump, two pushes with your arms, a hand in his face, and a movement initially away by about four or five feet and then back towards him with the taking your shirt off which is again an action that would be interpreted by your own expert as aggressive.

---

[1] A rear naked choke is a specific blood restriction restraint in which blood flow to the brain is reduced. In a naked choke hold, there is nothing between the restraint and the area being restrained. Whether somebody is rendered unconscious by the restraint depends on a number of factors, including the person's level of conditioning and whether the person is under the influence of any chemicals.

3

No. 33154-7-III
*State v. Gutierrez*

Report of Proceedings (Feb. 2, 2015) at 168-69. The court also issued written findings of fact and conclusions of law, which incorporated its oral ruling where not inconsistent. Mr. Gutierrez appeals.

ANALYSIS

Mr. Gutierrez admits he initiated the physical confrontation between himself and J.P. Nevertheless, he argues he did not forfeit the right of self-defense because there were actually two fights that day. According to Mr. Gutierrez, he withdrew from the initial fight after Mr. Mapes intervened. It was J.P. who started a second fight, and it was only during this second fight that J.P. was injured. Because Mr. Gutierrez was merely defending himself from J.P.'s attack, he claims there was insufficient evidence to find him guilty of assault by strangulation.

To raise self-defense, "a defendant bears the initial burden of producing some evidence that his or her actions occurred in circumstances amounting to self-defense, i.e., the statutory elements of reasonable apprehension of great bodily harm and imminent danger." *State v. Riley*, 137 Wn.2d 904, 909, 976 P.2d 624 (1999). Generally, the theory of self-defense presumes that the defendant is not the initial aggressor. *State v. Craig*, 82 Wn.2d 777, 783, 514 P.2d 151 (1973). Only the theory of revived self-defense allows an

4

initial aggressor the right of self-defense once he or she has withdrawn from the conflict.
*Id.*

Here, the parties agree Mr. Gutierrez was the initial aggressor. Accordingly, it was his burden to produce sufficient evidence that "he in good faith had first withdrawn from the combat at such a time and in such a manner as to have clearly apprised his adversary that he in good faith was desisting, or intended to desist, from further aggressive action." *State v. Wilson*, 26 Wn.2d 468, 480, 174 P.2d 553 (1946); *see also Craig*, 82 Wn.2d at 783. Only after this burden of production has been met is the State obliged to prove the absence of self-defense beyond a reasonable doubt. *State v. Walden*, 131 Wn.2d 469, 473, 932 P.2d 1237 (1997).

Interpreting the evidence in the light most favorable to the State, Mr. Gutierrez did not meet his burden. He not only failed to communicate an intent to desist his acts of aggression, he also continued his aggressive conduct toward J.P. when (1) he persisted speaking in an aggressive tone with J.P. and told J.P. that he had won and would do it again,[2] (2) he chest-bumped with J.P., (3) he pushed J.P., (4) he pointed or gestured at J.P.

---

[2] The trial court stated in its findings of fact that it found Mr. Mapes, who had testified about the heated conversation between the two students, to be a credible witness. This court defers to the trial court's credibility determinations. *State v. Hill*, 123 Wn.2d 641, 646, 870 P.2d 313 (1994).

several times throughout the conversation, and (5) he removed his shirt as he had done immediately preceding his starting the initial altercation. In sum, Mr. Gutierrez failed to establish that there were two fights, as opposed to just one ongoing confrontation. As a result, the burden never shifted to the State to disprove self-defense, and the trial court was never tasked with determining whether or how Mr. Gutierrez instigated a second fight.

## CONCLUSION

Substantial evidence supports the trial court's finding that Mr. Gutierrez committed the offense of second degree assault by strangulation. The disposition order is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Korsmo, J.

_____
Siddoway, J.

6