

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No.  36320-1-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EVAN DANIEL SCHRODER, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | |

KORSMO, J. — Evan Schroder appeals from a conviction for driving under the influence of intoxicating liquor (DUI), contending that police lacked probable cause to arrest him for driving while license suspended (DWLS).  Since he did not present this argument during the suppression hearing, he has waived it.  We affirm.

## FACTS

Law enforcement responded to a report of gun shots being fired in Tekoa.  Spotting the vehicle described by the caller, deputies engaged in a short chase of a vehicle driven by Mr. Schroder.  Schroder stopped his vehicle and attempted to flee on foot, but was taken into custody.  Deputies arrested Mr. Schroder for DWLS and DUI.

The prosecutor filed charges of attempting to elude, DUI, and DWLS.[1]  Mr. Schroeder filed a motion to suppress the evidence of intoxication, arguing that officers lacked probable cause to arrest him for DUI.  Clerk's Papers (CP) at 6.  As a result, the prosecutor called only the deputy who conducted the DUI investigation to testify at the CrR 3.6 hearing.  Report of Proceedings (RP) at 6 *et seq.*  Deputy Tim Cox explained that Schroder had been taken into custody by Deputy Christopher Olin prior to Cox reaching the scene.  Cox arrested Schroder for DUI and DWLS.  RP at 11.  Cox then took Schroder to the jail and conducted a DUI interview, culminating in a breath alcohol test.  During cross-examination, Cox testified that Olin initially had arrested Schroder for DWLS.  RP at 12, 14.

The prosecutor argued that there was probable cause to conduct the alcohol investigation.  RP at 19-20.  The defense stood on its written motion and the testimony before the court.  RP at 20.  The court found that the deputies had arrested Mr. Schroder for DUI and denied the motion to suppress because there was probable cause for the DUI arrest.  CP at 57.[2]

---

[1] The DWLS charge was dismissed prior to jury selection.  Report of Proceedings at 44.

[2] Likewise, each of the two sets of findings relating to the two CrR 3.5 hearings found that the deputies arrested Mr. Schroder for DUI.

The case proceeded to jury trial. The jury acquitted Mr. Schroder on the eluding charge and found him guilty of DUI. Mr. Schroder then appealed to this court. A panel considered his appeal without hearing argument.

ANALYSIS

The sole issue Mr. Schroder presents is a contention that the CrR 3.6 hearing and associated findings do not establish probable cause to arrest for DWLS, a defect that he believes requires reversal of the DUI conviction. However, since he did not challenge the basis for that arrest in the trial court, there understandably are no findings addressing the issue. He does not get to expand his suppression motion on appeal. He waived the issue.[3]

The failure to raise an issue in the trial court normally precludes a party from raising the issue on appeal. RAP 2.5(a); *State v. Scott*, 110 Wn.2d 682, 685, 757 P.2d 492 (1988). One exception to that rule is that a claim of manifest constitutional error can be asserted for the first time on appeal, if the record is adequate to address the issue. *State v. McFarland*, 127 Wn.2d 322, 333, 899 P.2d 1251 (1995).

It is the defendant's burden in a CrR 3.6 hearing to establish that he was seized. *State v. O'Neill*, 148 Wn.2d 564, 575, 62 P.3d 489 (2003); *State v. Young*, 135 Wn.2d 498, 510, 957 P.2d 681 (1998); *State v. Thorn*, 129 Wn.2d 347, 354, 917 P.2d 108 (1996),

---

[3] The reason for the waiver is quite clear. Mr. Schroder's own motion to suppress attached a copy of Deputy Cox's incident report. There the deputy explained that he had arrested Schroder for DWLS in Tekoa the previous week due to a radio report that Schroder's license was suspended in the state of Idaho. CP at 82.

*overruled on other grounds by State v. O'Neill*, 148 Wn.2d 564, 62 P.3d 489 (2003).  Once a seizure has been established, it is the State's burden to show that the seizure was justified. *State v. Potter*, 156 Wn.2d 835, 840, 132 P.3d 1089 (2006).  Thus, this court typically reviews findings entered following a CrR 3.6 hearing for substantial evidence.  *State v. Hill*, 123 Wn.2d 641, 644, 870 P.2d 313 (1994).  We review de novo the conclusions derived from the factual findings.  *State v. Armenta*, 134 Wn.2d 1, 9, 948 P.2d 1280 (1997).

In his motion to suppress, Mr. Schroder stated the single issue he was raising: "Was there probable cause to arrest for DUI."  CP at 6.  He then stated the thesis of his argument: "REASONABLE GROUNDS TO ARREST FOR DUI WERE ABSENT." CP at 6.[4]  The briefing continued with a comparison of the evidence of intoxication in his case with that of the evidence in another case.  In his oral argument to the court, he stood on his written motion and the evidence presented.  RP at 20.  At no time did he allege that law enforcement lacked a basis for stopping him.  Thus, the prosecutor did not call Deputy Olin to testify and no one elicited information concerning the basis for the initial seizure, let alone obtain findings from the trial court on the subject.

As a result, Mr. Schroder cannot demonstrate that he was even seized for DWLS, let alone arrested for that offense, or that it had any causal relationship to his arrest for

_____

[4] This motion was entirely reasonable.  If the officers lacked cause for suspecting him of impaired driving, they could not obtain evidence of his breath alcohol level. RCW 46.20.308.

DUI. The trial court made no findings on the topic because it was not germane. Although the court's oral remarks mention that there was probable cause to arrest for DWLS, the written findings do not touch upon the subject and the oral ruling was not incorporated into the written findings. RP at 23; CP at 56-58.

Mr. Schroeder's criticism that the CrR 3.6 findings failed to support the DWLS arrest is misplaced. He waived any issues concerning the DWLS arrest because he did not present the issue for the trial court's consideration, leaving both sides with no incentive to develop the factual background. RAP 2.5(a); *McFarland*, 127 Wn.2d at 333. He cannot raise a new issue on appeal simply because there was factual mention of the topic during a hearing.

The conviction is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____     _____
Fearing, J.                          Siddoway, J.

5