# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| MAPLE VALLEY PARK PLACE, LLC, a Washington Limited Liability Company, | DIVISION ONE |
| Appellant, | No. 78832-9-I |
| v. | UNPUBLISHED OPINION |
| TAX RESOURCE CENTERS, INC., a Washington for-profit corporation; and EDWARD J. HARRIS and "JANE DOE" GAIL HARRIS and their marital community, | |
| Respondents. | |

DWYER, J. — Maple Valley Park Place, LLC (MVPP) seeks reversal of a trial court ruling that MVPP failed to establish the necessity of piercing the corporate veil, which prevents MVPP from executing a prior default judgment against Edward Harris individually. Because MVPP's contentions lack merit, we affirm.

I

Edward Harris is an accountant authorized to represent taxpayers before the Internal Revenue Service. From 2000 to 2016, Harris operated a tax preparation corporation, Northwest Tax Specialists, Inc. (NTS). In 2014, on behalf of NTS, Harris entered into a lease agreement for office space with MVPP. Although it had been a standard practice for MVPP to require renters to sign a personal guaranty, it did not require Harris to sign one.

Then, in April 2015, Harris informed MVPP that NTS would be unable to make its rental payments and sought to negotiate a termination of the lease. RP 161. Negotiations stalled. NTS moved out of the leased offices and ceased making rental payments in June 2015. MVPP sent two notices of default to NTS, but NTS did not attempt to cure the default.

MVPP subsequently filed suit against NTS, seeking to recover the unpaid rent. NTS did not appear to defend the suit. In May 2016, a default judgment was entered against NTS in the amount of $523,804.33. MVPP attempted to collect the judgment, but never received any of the money owed by NTS.

Later that year, Harris, realizing that NTS could not recover from its outstanding debts, closed NTS and started a new business, Tax Resource Centers, Inc. (TRC), using a combination of personal funds and resources from NTS.

MVPP then filed a second lawsuit against TRC and Harris. MVPP argued that TRC and Harris should be liable to pay the default judgment because (1) TRC was a successor in liability to NTS and (2) Harris had abused the corporate form while operating NTS and it was necessary to pierce the corporate veil to ensure MVPP could collect on its default judgment.

A bench trial was held in King County Superior Court. After the close of the evidence and argument of counsel, the trial judge entered findings of fact and conclusions of law. Therein, the trial court concluded that (1) TRC was the successor in liability to NTS and (2) although MVPP established that Harris had abused the corporate form, MVPP had not established the necessity of piercing

the corporate veil because MVPP could collect on its default judgment from TRC. The trial court invited MVPP to "present a proposed judgment that is consistent with these Findings of Fact and Conclusions of Law."

However, instead of presenting such a proposed judgment, MVPP filed a notice of appeal stating that it was appealing from the trial court's findings of fact and conclusions of law. In response, this court directed MVPP to present a proposed judgment to the trial court. Pursuant to RAP 7.1(a) and 8.3, we authorized the trial court to enter a judgment consistent with its previously entered findings of fact and conclusions of law. MVPP then filed a proposed judgment and the trial court entered judgment against TRC and dismissed, with prejudice, MVPP's cause of action against Harris.[1]

II

MVPP contends that the trial court erred when it concluded that the corporate veil could not be pierced in order to hold Harris personally liable for the payment of the default judgment against NTS. This is so, MVPP asserts, because (1) the trial court improperly refused to consider whether Harris's violations of RCW 23B.06.400 and RCW 19.40.051 established the necessity of piercing the corporate veil and (2) substantial evidence established the necessity of piercing the corporate veil.[2] We disagree.

---

[1] Because judgment has been entered, we need not address the parties' contentions regarding whether MVPP may appeal from the trial court's findings of fact and conclusions of law absent entry of a final judgment.

[2] Inexplicably, MVPP asserts both that the trial court erroneously ruled that MVPP had not established the necessity of piercing the corporate veil and that the trial court erred by not making any findings or ruling on whether necessity was established. The trial court's findings of fact and conclusions of law directly stated that necessity was not established because MVPP did not prove "that Mr. Harris's transfer of [NTS]'s assets and business to TRC, or that the continuation of [NTS]'s business by TRC, will have any substantial detrimental effect on [MVPP]'s

We review a trial court's findings of fact under a substantial evidence standard, "defined as a quantum of evidence sufficient to persuade a rational fair-minded person the premise is true." Sunnyside Valley Irrig. Dist. v. Dickie, 149 Wn.2d 873, 879, 73 P.3d 369 (2003). We then determine whether those findings of fact support the trial court's conclusions of law. W. Coast, Inc., v. Snohomish County, 112 Wn. App. 200, 207, 48 P.3d 997 (2002) (citing Landmark Dev., Inc. v. City of Roy, 138 Wn.2d 561, 573, 980 P.2d 1234 (1999)). Unchallenged findings of fact are considered verities on appeal. W. Coast, Inc., 112 Wn. App. at 207 (citing State v. Hill, 123 Wn.2d 641, 644, 870 P.2d 313 (1994)). "Questions of law and conclusions of law are reviewed de novo." Sunnyside Valley Irrig. Dist., 149 Wn.2d at 880.

To pierce the corporate veil, a party must establish that (1) the corporate form was intentionally used to violate or evade a duty, and (2) piercing the veil is "'necessary and required to prevent unjustified loss to the injured party.'" Meisel v. M & N Modern Hydraulic Press Co., 97 Wn.2d 403, 410, 645 P.2d 689 (1982) (quoting Morgan v. Burks, 93 Wn.2d 580, 587, 611 P.2d 751 (1980)).

MVPP first asserts that the trial court improperly refused to consider whether violations of RCW 23B.06.400 and RCW 19.40.051 established the necessity of piercing the corporate veil. Because neither of these statutes has

---

ability to collect [NTS]'s obligation from TRC if a judgment is rendered in [MVPP]'s favor and against TRC in this case." We therefore reject MVPP's assertions that the trial court did not enter necessary findings or conclusions regarding the necessity of piercing the corporate veil.

Furthermore, we note that the relief requested in MVPP's briefing is that we remand to the trial court to enter findings and conclusions regarding whether necessity was established. Because the trial court already entered such findings and conclusions, MVPP has already obtained its requested relief.

any bearing on the necessity of piercing a corporate veil, we reject this contention.

RCW 23B.06.400 sets forth rules regarding the distributions a corporation may make to its shareholders.[3]  It specifically bars distributions that, if made,

---

[3] This section states, in full:

(1) A board of directors may approve and the corporation may make distributions to its shareholders subject to restriction by the articles of incorporation and the limitation in subsection (2) of this section.

(2) No distribution may be made if, after giving it effect:

(a) The corporation would not be able to pay its liabilities as they become due in the usual course of business; or

(b) The corporation's total assets would be less than the sum of its total liabilities plus, unless the articles of incorporation permit otherwise, the amount that would be needed, if the corporation were to be dissolved at the time of the distribution, to satisfy the preferential rights upon dissolution of shareholders whose preferential rights are superior to those receiving the distribution.

(3) For purposes of determinations under subsection (2) of this section:

(a) The board of directors may base a determination that a distribution is not prohibited under subsection (2) of this section either on financial statements prepared on the basis of accounting practices and principles that are reasonable in the circumstances or on a fair valuation or other method that is reasonable in the circumstances; and

(b) Indebtedness of a corporation, including indebtedness issued as a distribution, is not considered a liability if its terms provide that payment of principal and interest are made only if and to the extent that payment of a distribution to shareholders could then be made under this section.

(4) The effect of a distribution under subsection (2) of this section is measured:

(a) In the case of a distribution of indebtedness, the terms of which provide that payment of principal and interest are made only if and to the extent that payment of a distribution to shareholders could then be made under this section, each payment of principal or interest is treated as a distribution, the effect of which is measured on the date the payment is actually made; or

(b) In the case of any other distribution:

(i) If the distribution is by purchase, redemption, or other acquisition of the corporation's shares, the effect of the distribution is measured as of the earlier of the date any money or other property is transferred or debt incurred by the corporation, or the date the shareholder ceases to be a shareholder with respect to the acquired shares;

(ii) If the distribution is of indebtedness other than that described in subsection (4) (a) and (b)(i) of this section, the effect of the distribution is measured as of the date the indebtedness is distributed; and

(iii) In all other cases, the effect of the distribution is measured as of the date the distribution is approved if payment occurs within one hundred twenty days after the date of approval, or the date the payment is made if it occurs more than one hundred twenty days after the date of approval.

(5) A corporation's indebtedness to a shareholder incurred by reason of a distribution made in accordance with this section is at parity with the

5

would prevent the corporation from being able "to pay its liabilities as they become due in the usual course of business." RCW 23B.06.400(2)(a). Nothing in RCW 23B.06.400 addresses the issue of the necessity of piercing the corporate veil. Thus, a violation of the statute plainly has no bearing on the necessity of piercing the corporate veil.

Similarly, RCW 19.40.051 sets forth rules regarding when transfers to creditors are voidable.[4] This section declares that a transfer made by a debtor is voidable

> as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

---

corporation's indebtedness to its general, unsecured creditors except to the extent provided otherwise by agreement.

(6) In circumstances to which this section and related sections of this title are applicable, such provisions supersede the applicability of any other statutes of this state with respect to the legality of distributions.

(7) A transfer of the assets of a dissolved corporation to a trust or other successor entity of the type described in RCW 23B.14.030(4) constitutes a distribution subject to subsection (2) of this section only when and to the extent that the trust or successor entity distributes assets to shareholders.

RCW 23B.06.400.

[4] This section states, in full:

(1) A transfer made or obligation incurred by a debtor is voidable as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

(2) A transfer made by a debtor is voidable as to a creditor whose claim arose before the transfer was made if the transfer was made to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent.

(3) Subject to RCW 19.40.021(2), a creditor making a claim for relief under subsection (1) or (2) of this section has the burden of proving the elements of the claim for relief by a preponderance of the evidence.

RCW 19.40.051.

6

RCW 19.40.051(1). Once again, a violation of this statute has no bearing on the issue of the necessity of piercing the corporate veil.

MVPP next asserts that the trial court erred because substantial evidence showed the necessity of piercing the corporate veil. We reject this argument because it both calls for an incorrect application of our standard of review and is unsupported by the record.

It matters not whether substantial evidence could have supported findings different than those made by the trial court. On review, all that matters is whether substantial evidence supports the findings of fact entered by the trial court and whether those findings support the trial court's conclusions of law. W. Coast, Inc., 112 Wn. App. at 207. Because MVPP never asserts that the trial court's findings are unsupported by substantial evidence, we treat them as verities. W. Coast, Inc., 112 Wn. App. at 207.

Furthermore, MVPP does not identify any evidence in the record to support its assertion. All of the evidence cited to by MVPP in its briefing pertains to the issue of whether Harris abused the corporate form. No evidence identified by MVPP supports its assertion that it established necessity. Indeed, the record instead indicates a lack of necessity. Because MVPP prevailed on its successor liability claim against TRC, it may seek to collect its default judgment against TRC and need not collect from Harris.

Because MVPP has failed to establish error in the trial court's rulings, we affirm.

7

Affirmed.

_____
Dwyer, J.

WE CONCUR:

_____        _____
Smith, J.                       Leach, J.