IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Marriage of | ) | |
| | ) | No. 38237-1-III |
| DONNA DEVINEY, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| and | ) | UNPUBLISHED OPINION |
| | ) | |
| ALLAN DEVINEY, | ) | |
| | ) | |
| Respondent. | ) | |

STAAB, J. — Respondent Allan Deviney received a substantial inheritance during his marriage to Donna Deviney. The inheritance was kept in a separate account and used to purchase assets during the marriage, including two pieces of real property and an investment account titled in both parties' names. Following trial on the parties' dissolution, the trial court characterized the jointly-titled property as Allan's separate property and awarded the property to him. Donna Deviney appeals. She contends that joint title is evidence of intent to gift or transfer separate property to the community. She also argues that placing her name on the property's title establishes her interest in that property as a matter of law. After briefing was filed in this case, the Supreme Court

No. 38237-1-III
*In re Marriage of Deviney*

decided *In re Marriage of Watanabe*, 199 Wn.2d 342, 506 P.3d 630 (2022), which

reaffirmed that placing both spouses' names on title to property is not presumptive

evidence that separate property is converted to community property. *Watanabe* is

directly on point, and we affirm the trial court's characterization and division of the

parties' property.

## BACKGROUND

The parties do not dispute the facts.[1] Donna and Allan were married in Caldwell,

Texas on May 12, 2012. Allan had family in Texas, including his grandmother, who

owned a large parcel of land. She passed away in 1996 and Allan was a beneficiary of

her estate. In 2012, oil was discovered on the land. Allan started receiving payments for

the oil production on this land and deposited these funds into a bank account solely in his

name and control.

The parties moved from Texas to Spokane to further Allan's career as a chef.

Using the funds from the oil payments for a down payment, Allan purchased a home on

Sherman Road (Sherman home). The home was titled solely in Allan's name, as a

married man and as his sole and separate property. Donna was fully aware that the home

---

[1] Appellate fails to set forth any assignments of error allegedly made by the trial court. RAP 10.3(a)(4). While failure to assign error can result in waiver, we will nonetheless consider appellant's issue because they are clearly set forth in the briefing. *See Daughtry v. Jet Aeration Co.*, 91 Wn.2d 704, 710, 592 P.2d 631 (1979) (Under RAP 1.2(a) a technical violation of the rules will not ordinarily bar appellate review, where the nature of the challenge is perfectly clear from the briefing.).

was purchased as separate property and signed appropriate documentation waiving any and all community interest in the Sherman home.

In 2019, Allan sold the oil rights for $1.75 million. The money was deposited in his separate bank account. After the sale, Allan used the funds to pay off the mortgage on the Sherman home. Two other real properties were purchased one in Cocolalla, ID (Cocolalla home), and one in Spokane on Longfellow Avenue (Longfellow home). Allan was the sole buyer of the Cocolalla home. However, the property was deeded to both Donna and Allan. The Longfellow home was purchased and titled in both Donna and Allan's names. Both the Cocolalla and Longfellow homes were purchased outright from Allan's Chase bank account. However, both properties are titled in Donna and Allan's names and held jointly as a married couple.

In 2019, the parties created an Ameritrade investment account held in both parties' names, including a joint tenancy with the right of survivorship.

The parties separated on February 9, 2020. Following a trial on the dissolution, the court found the Ameritrade account, Cocolalla home, and the Longfellow home were separate property. Appellant timely appeals these conclusions.

## ANALYSIS

Donna Deviney argues that the trial court erred in characterizing the investment account, Cocolalla and Longfellow homes as Allan's separate property.

"A trial court's characterization of property is a mixed question of law and fact." *Watanabe*, 199 Wn.2d at 348. The circumstances surrounding the acquisition of property, including donative intent, is a question of fact. *Id.* The legal relevance of the facts, as found by the court, are questions of law reviewed de novo. *Id.* at 348-49. While property acquired during a marriage is presumptively community property, an exception applies to property acquired by inheritance, which is considered separate property. *Id.* at 351. "Once separate property is established, a presumption arises that such property remains separate property absent direct and positive evidence of intent to convert to community property." *Id.*

Here, the trial court found that each of the homes and the investment account were purchased with separate property and retained that characterization after the dissolution. Donna does not contest the court's finding that the two properties and the investment account were funded with Allen's separate property. Instead, Donna contends that putting the property in both of their names was sufficient evidence of their intent to create community property. Appellant's Opening Br. at 6-7.

Donative intent is a question of fact. *Watanabe*, 199 Wn.2d at 348. In this case, the trial court found that "Mr. Deviney credibly testified that he had no intention of gifting these properties purchased with his inheritance to the community, and notably I did not see that Ms. Deviney actually signed any of these documents that had her name attached to it." Report of Proceedings at 101-02. Donna does not assign error to this

finding of fact, and it is a verity on appeal. *See* RAP 10.3(g); *State v. Hill*, 123 Wn.2d 641, 644, 870 P.2d 313 (1994) (unchallenged findings constitute verities on appeal). Even so, the evidence is sufficient to support the court's finding on the parties' intent. As the trial court noted, Allan testified that he did not intend to transfer his separate property to the community.

Nor is there any presumption that placing the names of both spouses on the title to property converts the property from separate to community property. In *Watanabe*, the appellant argued that a property should have been considered community property instead of separate "because both parties' names were on the title and the property was acquired during marriage." 199 Wn.2d at 352. Denying this theory, the Court held, "The joint title gift presumption does not apply in dissolution matters under Washington law, regardless of whether the property was acquired before or after marriage." *Id*. at 355.

In this case, the unchallenged findings do not support an intent to convert separate property into community property. Nor does placing the names of both spouses on the title to property legally convert the character of the property from separate to community.

Affirm.

No. 38237-1-III
*In re Marriage of Deviney*


A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, J.

WE CONCUR:

_____
Siddoway, C.J.

_____
Pennell, J.