# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 53681-1-II |
| Respondent, | |
| v. | |
| AUSTIN A. CIGANIK, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Austin Ciganik appeals his conviction for unlawful possession of a controlled substance—heroin, arguing that the trial court erred by denying his motion to exclude heroin evidence obtained from his truck in which he was sleeping. Ciganik argues that police officers had neither probable cause to arrest him, nor any other authority to open his truck door, and consequently the heroin evidence should have been suppressed. We hold that substantial evidence supports the contested findings of fact, and the findings support the conclusions that Officer Keller had probable cause to arrest Ciganik and that no illegal search of Ciganik's truck occurred. Consequently, we affirm Ciganik's conviction.

## FACTS

On May 2, 2018, at approximately 5:40 a.m., Poulsbo police officer Craig Keller responded to a call of a man who had been sleeping in a truck since 4:00 a.m. Upon arriving at the scene, Officer Keller noticed that the truck was running, and he observed Ciganik unconscious and slumped forward. On the passenger seat, Officer Keller saw a piece of foil with a black substance on it which he believed to be heroin. Officer Keller's belief was founded on

his training and experience, as well as the size and shape of the foil, the location of the dark substance on the foil, and burn marks, which were all consistent with the substance being heroin.

Officer Keller knocked on the driver's window, then opened the truck door, and arrested Ciganik. Officer Keller peered into the truck through the open door using a flashlight but did not enter any part of the truck. Officer Keller impounded Ciganik's truck and obtained a search warrant to search the truck. During the subsequent search, Officer Keller found heroin and methamphetamine in the truck.

The State charged Ciganik with one count of unlawful possession of a controlled substance—heroin. Ciganik filed a CrR 3.6 motion seeking to suppress all evidence found in his truck. At the CrR 3.6 hearing, Ciganik argued that because his arrest was not supported by probable cause, the subsequent search warrant was improper. Additionally, Ciganik stated that should the trial court find his arrest to be lawful, he had no basis to contest the search warrant.

Officer Keller was the only witness to testify at the CrR 3.6 hearing. He testified to the facts stated above, and also said that he had participated in hundreds of drug offense cases. He further testified that he was trained to recognize heroin, and that while the substance he saw could have been a brownie, he believed it to be heroin. Officer Keller went on to explain that based on his observation of the foil, he believed Ciganik was under the influence of heroin. Officer Keller also testified that he knocked on Ciganik's truck window and quickly opened and detained him because he was concerned Ciganik may panic and threaten his safety. Officer Keller was also concerned that a person who is awakened in a running car may drive off.

The trial court determined Officer Keller had probable cause to arrest Ciganik and therefore the arrest was lawful. This determination was based on the facts that Ciganik was

2

unconscious in his truck at 5:40 a.m., that the truck was running, and that Officer Keller

recognized the substance on the passenger seat as heroin before he knocked on the window.

The trial court entered findings of fact and conclusions of law following the hearing.

These findings included findings of fact V and IX which state:

### V.

Sitting next to the defendant on the passenger's seat, Officer Keller observed a piece of foil with a small dark substance on it, which he believed to be approximately 2/10 of 1 gram of heroin. His belief was based on the size and shape of the foil and the location of the dark substance on the foil were [sic] consistent with foil commonly used to ingest heroin, and the dark substance appeared to be consistent with heroin. The burn marks were consistent with heroin burns from heating the substance and smoking the fumes.

. . . .

### IX.

Officer Keller had a legitimate safety concern when waking up an unconscious person in a running vehicle, where it is unknown if they are under the influence of alcohol or heroin, as people are often startled when they are awakened after being under the influence of alcohol or heroin.

Clerk's Papers (CP) at 60-61.

The court also concluded that the search warrant for Ciganik's truck was supported by

probable cause.

Ciganik waived his right to a jury trial and agreed to a stipulated facts trial  After the trial,

the trial court found Ciganik guilty of one count of unlawful possession of a controlled

substance—heroin. Ciganik appeals.

### ANALYSIS

Ciganik contests findings of fact V and IX and argues that Officer Keller did not have

probable cause to arrest him, or any authority to open his truck door, thus, the heroin evidence

was illegally obtained and his conviction must be reversed. We disagree.

## I. STANDARD OF REVIEW

We review findings of fact for substantial evidence. *State v. Dobbs*, 180 Wn.2d 1, 10, 320 P.3d 705 (2014). "Substantial evidence exists where there is a sufficient quantity of evidence in the record to persuade a fair-minded, rational person of the truth of the finding." *State v. Hill*, 123 Wn.2d 641, 644, 870 P.2d 313 (1994). We review a trial court's assessment of probable cause de novo. *State v. Chamberlin*, 161 Wn.2d 30, 40, 162 P.3d 389 (2007).

## II. FINDINGS OF FACT V AND IX

Ciganik challenges findings of fact V and IX. He argues that finding of fact V improperly suggests that Officer Keller had a reasonable belief that the substance contained heroin, and that finding of fact IX is a conclusion of law. We hold that both finding of fact V and IX are supported by substantial evidence.

A.     *Finding of Fact V*

Finding of fact V addresses Officer Keller's observations and beliefs regarding the tin foil and the suspected heroin. At the CrR 3.6 hearing, Officer Keller testified to his extensive training regarding drug arrests. He testified that he had handled hundreds of drug cases. He testified that he saw a piece of foil with a dark substance on it. Based on his training, he believed the substance to be heroin. Officer Keller testified that the foil "could have" contained another substance, such as a brownie, but clarified that he nonetheless believed the substance to be heroin.

Ciganik argues that finding of fact V is not supported by substantial evidence "to the extent it suggests Officer Keller's belief was objectively reasonable" because no fair-minded person would find Officer Keller's belief objectively reasonable. Br. of Appellant at 11, n.8.

This is so, he argues, because Officer Keller acknowledged that the foil could have contained food. But this argument misses the mark because we review findings of fact for substantial evidence, determining whether a sufficient quantity of evidence exists to persuade a fair-minded, rational person of the truth of the finding.

Ciganik does not dispute that Officer Keller testified to all the facts contained in finding of fact V. This testimony is sufficient to persuade a fact finder of the truth of the finding and, thus, support the facts contained in the finding. Finding of fact V is supported by substantial evidence.

B. *Finding of Fact IX*

Finding of fact IX addresses Officer Keller's concerns when walking up to Ciganik's truck. Ciganik argues that the word "legitimate" converts this finding of fact into a conclusion of law which we review de novo. We disagree and hold that finding of fact IX is supported by substantial evidence.

Officer Keller testified that he opened the truck door immediately after knocking on the window because he is concerned for his personal safety when he wakes up a person who is in a running vehicle. He testified that he does not want the person to start driving. Officer Keller said he believed Ciganik was probably under the influence, and could have possibly panicked upon being awakened.

This testimony is sufficient record to persuade a fair-minded, rational person of the truth of the finding. And we view the trial court's statement that Officer Keller's concern was legitimate, as a finding that Officer Keller's testimony was credible on this point. Thus, substantial evidence supports finding of fact IX. Because the rest of the findings of fact are

uncontested, they are verities on appeal. *State v. Eserjose*, 171 Wn.2d 907, 912, 259 P.3d 172, 175 (2011) (plurality opinion).

### III. CIGANIK'S ARREST WAS LAWFUL

Ciganik argues that the arresting officer did not have probable cause to arrest him, thus, he did not have authority to open the truck door, and any evidence obtained after that fact should have been suppressed. We hold that Officer Keller had probable cause to arrest Ciganik.

The trial court's conclusions of law included conclusion of law V, which states, "In this case, Officer Keller's arrest of the defendant was supported by probable cause." CP at 63. We review de novo whether the trial court's conclusions of law are supported by its findings of fact. *State v. Rosas-Miranda*, 176 Wn. App. 773, 779, 309 P.3d 728 (2013).

In Washington, "[a] police officer having probable cause to believe that a person has committed or is committing a felony shall have the authority to arrest the person without a warrant." RCW 10.31.100. "Probable cause exists where there are facts and circumstances sufficient to establish a reasonable inference that the defendant is involved in criminal activity." *State v. Maddox*, 152 Wn.2d 499, 505, 98 P.3d 1199 (2004). "[T]he validity of an arrest depends upon the objective reasonableness of the arresting officer's belief that probable cause exists." *State v. Afana*, 169 Wn.2d 169, 183, 233 P.3d 879 (2010).

"It is well established that a person has a diminished expectation of privacy in the visible contents of an automobile parked in a public place." *State v. Barnes*, 158 Wn. App. 602, 612, 243 P.3d 165 (2010). An officer, without a warrant, may lawfully look into an automobile parked in a public place. *State v. Young*, 28 Wn. App. 412, 417, 624 P.2d 725 (1981). Such

conduct is not considered a search, even when an officer uses a flashlight. *Young*, 28 Wn. App. at 417.

Here, the trial court found that the heroin evidence was "[s]itting next to the defendant on the passenger's seat." CP at 60. Ciganik did not have an expectation of privacy in the heroin evidence that was in plain view in his vehicle which was located in a public place.

An officer with training and experience in identifying drugs has probable cause to make an arrest when they lawfully view material consistent with drug possession. *State v. Rose*, 175 Wn.2d 10, 22, 282 P.3d 1087 (2012). Mere possession of drug paraphernalia is not enough, but the visible presence of drugs is. *Rose*, 175 Wn.2d at 19-20, 22.

Here, the findings of fact support the conclusion of law that Ciganik's arrest was supported by probable cause. The finding of facts show that Officer Keller approached Ciganik's truck in the early morning hours. The truck was running, and Ciganik was unconscious inside. Officer Keller viewed a piece of foil with a dark residue on it, which he recognized to be heroin based on his considerable training and experience. These findings of fact support the trial court's conclusion that Ciganik's arrest was based on probable cause. Officer Keller's experience and training show he had a reasonable belief that Ciganik was intoxicated and was in possession of heroin. This belief was objectively reasonable based on the facts and circumstances of the situation.

We conclude that Ciganik's arrest was supported by probable cause and was therefore lawful.

Ciganik's remaining arguments rest on his assertion that Officer Keller had no authority to arrest him. He argues that there was neither probable cause, nor any additional authority to

search his truck or seize any items. Because Ciganik's arrest was lawful, his remaining arguments fail.

Ciganik argues that Washington courts do not recognize an "automobile exception" to a warrant requirement and that the community caretaking exception does not justify Officer Keller's entry into the truck. Br. of Appellant at 5. But in the trial court, the State did not rely on an automobile exception or the community caretaking function, and the trial court made no findings in this regard. As explained above, the heroin evidence was in plain view in Ciganik's truck and Officer Keller had probable cause to arrest Ciganik. We do not further address these arguments.

Finally, Ciganik briefly argues that because Officer Keller performed an illegal search of his truck, the search warrant was tainted. We disagree.

"According to the plain text of article I, section 7, a search or seizure is improper only if it is executed without 'authority of law.' But a lawfully issued search warrant provides such authority." *State v. Gaines*, 154 Wn.2d 711, 718, 116 P.3d 993 (2005).

Here, Officer Keller had authority to remove Ciganik from his truck pursuant to a lawful arrest. *See State v. Byrd*, 178 Wn.2d 611, 624, 310 P.3d 793 (2013). Additionally, at the CrR 3.5 hearing, Ciganik conceded that should the trial court find his arrest to be lawful, he had no basis to contest the search warrant. No illegal search occurred prior to the issuance of the search warrant. Because the heroin evidence was in plain view, and because it was seized pursuant to a lawful warrant, Ciganik's argument fails.

No. 53681-1-II

We hold that substantial evidence supports the contested findings of fact, and the findings support the conclusions that Officer Keller had probable cause to arrest Ciganik and that no illegal search of Ciganik's truck occurred. Consequently, we affirm Ciganik's conviction.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, J.

We concur:

Sutton, A.C.J.

Cruser, J.