IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Respondent,<br><br>v.<br><br>KEVIN WILLIAM LIGHT-ROTH,<br><br>Appellant. | No. 78448-0-I<br>(Consolidated with No. 82005-2-I)<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

CHUN, J. — In 2000, the State charged 16-year-old Kevin Light-Roth with robbery in the first degree. Based on former RCW 13.04.030(1)(e)(v)(C) (2009), the juvenile division of the superior court automatically declined jurisdiction and the matter proceeded in adult superior court where Light-Roth pleaded guilty and received a sentence. Eighteen years later, Light-Roth appealed, challenging the jurisdiction of the adult superior court. He moved for an extension of time to appeal. We remanded for the trial court to conduct an evidentiary hearing to address whether Light-Roth voluntarily, knowingly, and intelligently waived his limited right to appeal. On remand, the trial court found that Light-Roth so waived that right. Light-Roth appeals that decision. A commissioner of this court consolidated the appeals. For the reasons discussed below, we affirm, deny the motion to extend time, and dismiss the appeal.

## I. BACKGROUND

A. Guilty Plea and Sentencing

In 2000, the State charged 16-year-old Light-Roth with robbery in the first

Citations and pin cites are based on the Westlaw online version of the cited material.

degree with a deadly weapon. Under former RCW 13.04.030(1)(e)(v)(C) (2009), the juvenile division of the superior court automatically declined jurisdiction. See State v. Watkins, 191 Wn.2d 530, 533, 423 P.3d 830 (2018) ("Former RCW 13.04.030(1) (2009), part of the Basic Juvenile Court Act (BJCA), provided that juvenile courts must automatically decline jurisdiction over 16 and 17 year olds charged with enumerated offenses."). The matter proceeded in adult superior court.

The State and Light-Roth agreed that he would plead guilty to robbery in the first degree and the State would dismiss the firearm enhancement. Light-Roth executed a Statement of Defendant on Plea of Guilty.

At the sentencing hearing, the State recommended 48 months of confinement. Light-Roth's trial counsel Zenon Olbertz recommended the court impose a sentence below the standard range. The court sentenced Light-Roth to 36 months of confinement, the low-end of the sentencing range.[1]

The sentencing court asked Olbertz, "Counsel, would you please notify your client of his appeal rights?" Olbertz responded, "Yes." On the clerk's minute entry, a box was checked for, "The Court advised Defendant of his / her rights on appeal / collateral attack, and the Certificate of Compliance is executed."

---

[1] About six months after Light-Roth's release from confinement for this robbery conviction, in February 2003, he killed a man and a jury convicted him of murder in the second degree. Light-Roth unsuccessfully appealed and collaterally attacked that conviction. In re Pers. Restraint of Light-Roth, 191 Wn.2d 328, 422 P.3d 444 (2018).

Light-Roth signed a "standard form" "NOTICE OF RIGHTS ON APPEAL AND CERTIFICATE OF COMPLIANCE WITH CrR 7.2(b); SUPERIOR COURT RULES" (Notice of Rights) that provided in pertinent part,

> 1. You have a right to appeal your conviction if you were found guilty following a trial.
>
> 2. You have the right to appeal a sentence outside the standard sentence range. The sentence that has been imposed (is) (is not) outside the standard sentence range.
>
> 3. You are advised that unless a written notice of appeal is filed within 30 days after the entry of this judgment (which is today), the right of appeal is irrevocably waived. The original and one (1) copy of the notice of appeal must be filed with, and the filing fee paid to, the Clerk of the Superior Court within 30 days after the entry of this judgment. If you are authorized to proceed at public expense, that order must be filed with the notice of appeal instead of the filing fee.

B. Initial Appeal

Eighteen years later, Light-Roth appealed the judgment and sentence. At the direction of this court,[2] Light-Roth moved to extend time to file a notice of appeal under RAP 18.8(b), and he explained that he sought to appeal the adult superior court's jurisdiction. He supported the motion with a declaration, stating in part:

> 2. When I was convicted and sentenced, I was not informed and did not know that I had a right to appeal issues such as the jurisdiction of adult court for a crime committed when I was a juvenile.
>
> 3. If I had been informed or known, I would have asked my attorney to file an appeal for me.
>
> 4. I did not knowingly, intelligently, and voluntarily waive my right to appeal.

---

[2] See State v. Light-Roth, No. 78448-0-I, slip op. at 1 (Wash. Ct. App. May 6, 2019) (unpublished), https://www.courts.wa.gov/opinions/pdf/784480.pdf).

The State responded that Light-Roth signed the written Notice of Rights that informed him of his right to appeal, and Olbertz advised him of that right.

A commissioner of this court determined the record on appeal was insufficient to determine whether Light-Roth voluntarily, knowingly, and intelligently waived his right to appeal. The commissioner remanded the case to the trial court for an evidentiary hearing to address waiver.

The State moved to modify the commissioner's ruling, arguing the record sufficiently showed that Light-Roth understood and waived his right to appeal. We denied the State's motion and remanded the case for an evidentiary hearing to determine whether Light-Roth voluntarily, knowingly, and intelligently waived his right to appeal. State v. Light-Roth, No. 78448-0-I, slip op. at 1 (Wash. Ct. App. May 6, 2019) (unpublished), https://www.courts.wa.gov/opinions/pdf/784480.pdf; see GR 14.1(c).

C. Evidentiary Hearing

On remand, the trial court heard testimony from Olbertz, Light-Roth, and Light-Roth's mother Noreen Light.[3]

Olbertz testified that he did not have a "very good" or "independent" recollection of the case. The State asked him if he remembered telling Light-Roth "that he was not allowed any appeal?" Olbertz testified, "I don't recall, but I would not have told anyone that, because it is not accurate." The trial court found Olbertz credible.

---

[3] For clarity, we refer to Noreen Light by her first name. We intend no disrespect.

At the beginning of the evidentiary hearing, Light-Roth submitted a revised declaration. During the hearing, he purported to read it as follows:[4]

> I Kevin Light-Roth declare I wish to appeal my judgment. When I was convicted and sentenced on 8/4/2000, I was not informed and did not know that I had a right to appeal issues such as jurisdiction of adult court for a crime committed when I was a juvenile and/or whether mitigating factors relating to youthfulness, impetuosity, psychological maladies and substance abuse warrant reduced sentences. If I had been informed or had known, I would have asked my attorney to file an appeal for me. I did not knowingly, intelligently and voluntarily waive my right to appeal.

Light-Roth testified that after the sentencing hearing,

> I was signing all of the documents as I was leaving in a hurry, ushering me out of the courtroom so they could bring the next guy in. I remember that. And I remember him saying, "Don't worry about this stuff, we are done," just sign it and go, which—the essence of which I took to be that "there is no—there is nothing else to be done. There is no appeal for you; there is no—there is nothing else to be done. This is it."

The trial court found Light-Roth not credible.

The trial court found that Light-Roth voluntarily, knowingly, and intelligently waived his right to appeal. In doing so, the trial court explained that it considered "the transcript of the sentencing hearing, the advice of rights on appeal, and all other files and pleadings in this case (as specifically agreed to by both counsel during the evidentiary hearing)." Light-Roth appeals the order. A commissioner of this court consolidated the appeal with his earlier appeal.

## II. ANALYSIS

Light-Roth contends substantial evidence does not support the trial court's finding that he voluntarily, knowingly, and intelligently waived his right to appeal.

---

[4] Neither party included the declaration in the appellate record.

We disagree.

The Washington State Constitution guarantees criminal defendants the right to appeal.[5] CONST. art. I, § 22 (amend. 10). "The State carries the burden of demonstrating that a convicted defendant has made a voluntary, knowing, and intelligent waiver of the right to appeal." State v. Sweet, 90 Wn.2d 282, 286, 581 P.2d 579 (1978). The State must "make some affirmative showing that the defendant understood and chose not to exercise [their] right to appeal." State v. Cater, 186 Wn. App. 384, 392, 345 P.3d 843 (2015). "A defendant who pleads guilty retains a limited right to appeal collateral questions such as the validity of the statute, sufficiency of the information, and an understanding of the nature of the offense." Id.

Under "extraordinary circumstances," we may grant a motion to extend time for an appellant to file an otherwise untimely appeal. RAP 18.8(b). We "ordinarily hold that the desirability of finality of decisions outweighs the privilege of a litigant to obtain an extension of time under this section." RAP 18.8(b). "However, strict application of RAP 18.8(b) must be balanced against a defendant's state constitutional right to appeal." Cater, 186 Wn. App. at 392.

On remand, the trial court considered the testimony of Olbertz, Light-Roth, and Noreen, as well as the sentencing transcript and filings related to sentencing.

---

[5] Light-Roth asserts that recent case law on juvenile brain development and culpability provide him the means to challenge the constitutionality of the automatic decline statute. Our Supreme Court has held that automatic decline is constitutional. In re Boot, 130 Wn.2d 553, 571–72, 925 P.2d 964 (1996); Watkins, 191 Wn.2d at 533 ("[A]utomatic decline does not violate due process because juveniles do not have a constitutional right to be tried in juvenile court.").

The trial court found, "the State met its burden of proving that the defendant voluntarily, knowingly, and intelligently waived his right to appeal."

The trial court listed a number of considerations that supported finding Light-Roth waived his right to appeal. "Factual findings are erroneous where not supported by substantial evidence in the record. Substantial evidence exists where there is a 'sufficient quantity of evidence in the record to persuade a fair-minded, rational person of the truth of the finding.'" In re Pers. Restraint of Davis, 152 Wn.2d 647, 680, 101 P.3d 1 (2004) (quoting State v. Hill, 123 Wn.2d 641, 644, 870 P.2d 313 (1994)). We focus on three of the court's considerations.

First, the trial court found Olbertz "credible and competent." It noted, "Mr. Olbertz was candid that he somewhat remembered the case, remembered little about the sentencing, did not remember if he advised his client of his right to appeal, but knew that he would not have advised the defendant that he had no right to appeal as the defendant contended." Olbertz's statements during the evidentiary hearing and in his declaration support the trial court's characterization. When asked whether he told Light-Roth that he could not appeal, Olbertz testified, "the specific answer is I don't recall, *but I would not have told anyone that*, because that is not accurate." (Emphasis added.) Olbertz also testified:

> Well, because there is always a right to attack the effective assistance of counsel under any circumstance, and . . . . there's always issues that can be appealed, limited issues, but even with a waiver of a right to appeal, effective assistance of counsel is always an issue that is not waivable, and so I was operating under at least that limited thought process at all times, so I just wouldn't have said that because it is not true.

7

Similarly, in his declaration, Olbertz wrote, "[A]s a general matter, I would not have told Mr. Light-Roth that he was not allowed any appeal. I understood in 2000, as I understand now, that defendants have limited rights of appeal following a plea." He also wrote, "Had Mr. Light-Roth or any other client asked me about his right to appeal following a plea, I would have informed the client that he or she does have a limited right to appeal."

Second, the trial court found Light-Roth not credible. The court wrote, "His attempt to explain the language in his declaration that was directly at odds with Mr. Olbertz's testimony, after this Court stated that this Court found Mr. Olbertz to be credible (during this Court's ruling on the defendant's half-time motion)[,] was not credible." Substantial evidence supports this statement because Light-Roth claims that Olbertz told him he could not appeal, and Olbertz testified that he "would not have told anyone that [they were not allowed to appeal] because it is not accurate."

And while the clerk's minute entry says that the court advised Light-Roth of his right to collateral attack, but not his right to appeal, at sentencing, the court asked Olbertz to advise Light-Roth of his appeal rights and he responded, "Yes."

Third, the trial court found that Noreen's testimony was not "helpful or relevant" because of her understandable bias in favor of Light-Roth and her "little independent recall of the sentencing or the circumstances surrounding the plea." Noreen's testimony appears unhelpful and irrelevant to the waiver question because she testified that she did not know of any conversation between Light-Roth and Olbertz about his plea or right to appeal.

The State cites In re Pers. Restraint of Merritt, where this court remanded for the trial court to hold an evidentiary hearing to determine whether trial counsel failed to inform Merritt of his intoxication defense. 69 Wn. App. 419, 420–21, 848 P.2d 1332 (1993). During the evidentiary hearing, trial counsel testified to his "practice habits." Id. at 421. While the trial counsel did not have a specific recollection of the defendant's case, he testified, "'[I]t's very likely I would have discussed the issue of intoxication and its impact on Mr. Merritt's defense with him.'" Id. at 422. Merritt testified that trial counsel never advised him of that defense. Id. The trial court found that, because "[t]he discussions of the intoxicated condition of Mr. Merritt were just too pervasive in all of this case," trial counsel and the defendant "obviously" discussed the possibility of the defense. Id. at 423. It also found Merritt not credible. Id. Merritt appealed, asserting substantial evidence did not support the trial court's finding and the trial court improperly weighed trial counsel's "'habit and practice evidence.'" Id. at 424–25. This court affirmed, stating, "[I]t is for the trier of fact to determine the credibility of the witnesses and the weight and sufficiency of the evidence, including evidence of habit and practice." Id. at 425.

While Light-Roth acknowledges that credibility determinations are usually for the finder of fact, he contends the trial court erred in weighing the witnesses' credibility. He says it was "patently absurd" for the trial court to give Olbertz's testimony on his standard practice more weight than Light-Roth's testimony on what actually occurred. But as discussed in Merritt, it is for the trier of fact to determine witnesses' credibility and weight; and to determine the sufficiency of

9

the evidence, the trier of fact may use habit and practice evidence. Thus, we will not disturb the trial court's credibility determinations. See Davis, 152 Wn.2d at 680 ("A trial court's credibility determinations cannot be reviewed on appeal, even to the extent there may be other reasonable interpretations of the evidence."); State v. Cross, 156 Wn. App. 568, 581, 234 P.3d 288 (2010) ("The trier of fact makes credibility determinations that we do not review on appeal.").

Given the foregoing, substantial evidence supports the trial court's finding that Light-Roth voluntarily, knowingly, and intelligently waived his limited right to appeal.[6]

We affirm, deny Light-Roth's motion to extend time, and dismiss the appeal.

Chun, J.

WE CONCUR:

Brunn, J.        Appelwick, J.

___

[6] Because Light-Roth waived his limited right to appeal, we do not reach the State's other arguments.